## WILLIAM J. TAYLOR v. JOSEPH J. FROST.

1. SALE: DECEIT: SCIENTER MUST BE PROVEN: WARRANTY OTHERWISE.— In an action of deceit in the sale of a chattel, it is necessary for the plaintiff to show that the defendant knew the falsity of the representations he made in respect to its quality: it is otherwise where the action is for a false warranty.

ERROR to the Circuit Court of Madison county. Hon. E. G. Henry, judge.

A. P. Hill, for plaintiff in error.

The allegations are, that false and fraudulent representations were made by defendant to plaintiff in the exchange of horses, on which plaintiff relied ; the scienter on his part is alleged, and that issue we supposed we were trying. Yet the court, by its first and second instruction, especially the second, instructed the jury to find for plaintiff, even if defendant believed the representations to be true; in other words that, in an action of deceit, alleging false and fraudulent representations, the jury could find defendant guilty, although he made innocent representations. The action of deceit cannot be converted on the trial, by instructions, to an action for breach of warranty, and especially under our system of pleading, where the cause of complaint must be set down in

plain language, and the subsequent pleadings conform to the case made by the narration.

The third instruction asked by defendant below raised the true issue for the jury under the *state of the pleadings*, and its refusal was error; and a like error was committed by the court in granting plaintiff's instructions.

*Luckett* and *Fearn*, for defendant in error,

Contended that this was an action for a false warranty, and that the representations were such as in law amounted to a warranty. See *Otts* v. *Alderson*, 16 S. & M. 476; *Barnett* v. *Stanton & Pollard*, 2 Ald. 181.

HANDY, J., delivered the opinion of the court:

This was an action on the *case*, in the nature of *deceit* in the sale of a horse by the plaintiff in error to the defendant in error with representations as to the qualities of the horse by the plaintiff which were known by him to be false.

On the trial of the cause, the evidence left it a matter of doubt whether or not the plaintiff in error *knew* that the representations made by him at the time of the sale were untrue, and that the horse was not of the qualities then represented. By the second instruction given at the instance of the defendant in error (the plaintiff below) the court instructed the jury, in substance, that if they believed, from the evidence, that the horse had not the qualities represented by the plaintiff in error, they should find against him, although they should be satisfied that he believed that the horse had the qualities represented by him. The same principle is stated in the third instruction at the instance of the defendant in error. And the court refused the third instruction asked in behalf of the plaintiff in error, to the effect, that he was not responsible in this action, unless the jury believed from the evidence that he *knew* the representations to be false.

It is material to observe that this action is in form purely for deceit. It does not count on a warranty, but alleges representations as to the qualities of the horse, and avers that they were known by the plaintiff in error to be false at the time he made

them. These representations are not alleged to be a warranty nor the ground of the action, nor does the declaration treat them as a warranty. They are treated merely as a part of the fraud and deceit which is stated as the ground of the action. If the action had been brought on the ground of warranty, there would have been no necessity for averring the *scienter*, and, if averred, it would not have been necessary to prove it; because, if the warranty had not been *true*, the party would have been liable whether he knew it or not. The court appears to have regarded the action as founded on breach of warranty; and, had it been an action of that nature, the rulings would have been correct. But, in form and in legal effect, it is an action for *deceit*. It avers no warranty; but sets forth false and fraudulent representations, averring the *scienter*, and concludes that, "by *means of these false, fraudulent* and *deceitful* representations, the defendant in error was induced to make the purchase, and thereby sustained the damage complained of. From this it is clear that the declaration does not treat the representations as a warranty, and that it is founded on the party's *knowledge* that the representations were false, which would have been unnecessary if the purchaser had understood them to be a warranty. In such an action, the *gravamen* of it is the deceit, and the gist of it the *scienter.* The notice of the action attached to the writ is to the same intent. It is that the "complaint is to recover damages four hundred dollars, sustained by plaintiff in swapping a horse, by which trade the defendant *deceived and defrauded* the plaintiff." To such an action the defendant was only called on to respond to the deceit, and, if he showed a want of knowledge of the defects of the horse, it was a sufficient answer, and he was not liable in the action; or rather it was incumbent on the plaintiff to show such knowledge.

These principles are well recognized in the text-books, and have been sanctioned by this court. 1 Selw. N. P. 644, (7th Am. ed.,) *McLeod* v. *Tutt*, 1 How. 288.

The judgment is reversed, and the cause remanded for a new trial.