AUGUSTINE MIZELL *v.* JONATHAN T. SIMS.

1. WARRANTY : WHETHER COLLATERAL REPRESENTATIONS AMOUNT TO A WARRANTY WHEN THERE IS AN EXPRESS VERBAL WARRANTY—*Quære?*— The authorities are conflicting as to whether a vendor is liable for collateral representations as to certain particulars when he has made an express verbal warranty as to other particulars, in regard to the article sold ; and this question is expressly left an open one in this case.

2. SAME : COLLATERAL REPRESENTATIONS NO WARRANTY WHERE AN EXPRESS WRITTEN WARRANTY IS MADE.—Where an express written warranty in relation to certain qualities of the article sold is made by the vendor and accepted by the vendee, verbal representations made by the seller at the time of the sale in relation to other qualities of the thing sold do not amount to a warranty. The written warranty must be taken to contain the contract and to exclude the parol representations.

3. SAME : SAME : LIABILITY OF VENDOR FOR.—A vendor, who has made a written warranty in relation to certain qualities of the articles sold, cannot be held liable for representations made by him in relation to other qualities not embraced in the written warranty, unless he knew or had good reason to believe such representations were false at the time he made them.

4. SAME : SAME : DECLARATION FOR DECEIT SHOULD AVER SCIENTER.—A declaration against a vendor, for deceit or fraud in representations made by him in relation to the qualities of the article sold, should state that the defendant knew the representations to be false.

5. WARRANTY : DECEIT : CASE IN JUDGMENT.—The vendor warranted, in writing, that the slave sold "was sound in body and mind, and a slave for life," and at the same time he represented that the slave was not a runaway, but of good character, and was an "A. No. 1 boy." These representations were proven to be false, but it was not shown that they were fraudulent :— *Held*, that the vendor was not liable for the misrepresentations.

ERROR to the Circuit Court of Hinds county. Hon. John Watts, judge.

Under the view taken of this case by the court it is unnecessary to set out the pleadings, evidence, and charges, more in detail than they are stated in the opinion of the court.

*D. Shelton*, for plaintiff in error,

Made the following points :

1. The declaration was bad, because it averred a special war-

ranty of soundness and servitude and alleged no breach of that, but alleged the falsity of other representations made at the same time.    When there is an express warranty, either verbally or in writing, all other representations are merged in it, or considered as waived.    If the plaintiff goes outside of the warranty and relies on representations, he must allege and prove that they were fraudulent.    12 S. & M. 584; 6 Johns. R. 181; 13 Id. 224; 8 Id. 23; 1 Id. 96, 129, and 274; 4 Id. 421; 20 Id. 196; 5 Id. 395; 18 Id. 403; 13 Id. 302, 392; 2 Kent's Com. 619–621; *Taylor* v. *Frost*, reported in this volume.

2. The proof did not show fraud; no attempt even was made to prove it.    The representations were honest—the party was not responsible.

3. The charges given were erroneous, being based on a view in direct conflict with the doctrines established by the authorities above quoted.

*George L. Potter*, on same side,

Cited 3 Phil. Ev., C. & H.'s notes, p. 1469, 1470, 1475; 2 Kent's Com. 623, 625, in support of the view that the representations did not amount to a warranty, and that defendant was not responsible for them unless they were fraudulent.

*William Yerger*, for defendant,

Reviewed the evidence at length; and, on the point as to whether the representations amounted to a warranty, said, that the suggestion that, where there is a warranty in writing, no action will lie on a parol warranty, is only true when the parol warranty refers to the same qualities indicated in the written warranty; and that the rule did not extend to a parol warranty as to other particulars than those included in the written warranty.

As to what representations amounted to a warranty, he cited and relied on Hilliard on Sales, 258, and cases there cited; and especially he relied on *Wood* v. *Smith*, 4 Carr. & Payne, 45.

HANDY, J., delivered the opinion of the court:

This was an action to recover upon a breach of warranty of a slave sold by the defendant below to the plaintiff.

The declaration alleges that the defendant " warranted the slave to the plaintiff to be a slave for life and sound in body and mind;" and that, at the time of the purchase, the plaintiff inquired of the defendant whether the slave was bad or a runaway or in the habit of running away, and that the defendant thereupon represented that the slave was not a runaway nor in the habit of running away, and upon these representations that the plaintiff purchased the slave and paid the purchase-money ; but that, shortly afterwards, the slave ran away from the plaintiff, and in consequence thereof became wholly lost to the plaintiff; averring that the slave was a vicious and worthless slave, and a habitual and dangerous runaway, and that the representations of the defendant as to his character were untrue ; and that the plaintiff was induced by these representations made to him by the defendant to make the purchase.

The defendant demurred to this declaration on the following grounds :

1st. That it showed that the defendant made a special warranty only that the slave was a slave for life and sound in body and mind, and that no breach of that warranty is alleged.

2d. That the declaration is insufficient as for deceit and fraud, because it does not allege that the misrepresentations were knowingly and fraudulently made.

This demurrer was overruled, and this is the first error assigned.

It appears by the declaration that there was an express warranty as to the slave being a slave for life and sound in body and mind, but whether that warranty was in writing or not does not appear by the declaration. It is contended that the alleged representations in regard to the character of the slave amount to a warranty, and are so treated in the declaration ; and if untrue, that the defendant was liable as for a breach of warranty.

On the contrary, it is insisted that, as the declaration shows an *express* warranty, the collateral representations relied on cannot have the effect of a warranty, and that the party was only liable in case of fraud or deceit in the representations.

If it had appeared by the declaration that the express warranty was in writing, there would have been no doubt of the correctness of the position taken on the part of the plaintiff in error.   But

the authorities are conflicting upon the question whether a vendor is liable for collateral representations made by him as to certain particulars, when he has made an *express verbal* warranty *as to other particulars*, in regard to the article sold; and inasmuch as it appears by the evidence adduced on the trial of this case that there was a warranty in writing as to certain particulars, we do not deem it necessary to decide the point here presented on the demurrer.

On the trial of the cause, there was evidence tending to show that the defendant made the representations in relation to the character and qualities of the slave as stated in the declaration; that the slave was a runaway, and that he ran away from the plaintiff shortly after the purchase, and in consequence of it was lost to the plaintiff. But it was not attempted to be shown that the defendant knew the slave to be a runaway when he sold him, or that he practised any fraud or deceit in the representations he made. But it was proved that the defendant executed *a bill of sale* of the slave to the plaintiff, "warranting him to be *a slave for life and sound in body and mind.*" The effort, on the part of the plaintiff, appears to have been to render the defendant liable for a breach of warranty on account of the representations in regard to the slave being of good character and not a runaway; and, considering these representations as a warranty, the court gave instructions for the plaintiff founded on that view of the case, and refused sundry instructions asked in behalf of the defendant holding a contrary view, and that the defendant was not liable on account of these representations unless he knew the true character of the slave, and was guilty of fraud or deceit in making the representations.

Without a particular enumeration of the several instructions granted and refused by the court, it is sufficient to state our views upon the leading points in the case which embrace its merits.

1st. It is clear that the collateral representations relied on have not, in law, the force of a warranty, under the circumstances of the case. The defendant gave an *express warranty in writing*, as to the slave being a slave for life and sound in body and mind. Upon well-settled principles, the plaintiff, having accepted this express warranty in writing, could not avail himself of any repre-

sentations not embodied in the contract, and rely upon them as a warranty; because the written warranty must be taken to state the whole contract, and to exclude parol representations. Chitty Contr. 456; 3 Phill. Ev. (C. & H.) 1469. The defendant was not liable in this action by reason of these collateral representations *as upon a warranty.*

2d. If liable at all, it could only have been on the ground of fraud and deceit in making the representations, which would have been a distinct ground of liability from that of warranty. But the declaration does not proceed on the ground of deceit, and contains no allegations proper to such a case. Evidence of fraud and deceit would not, therefore, have been competent under the declaration. But no such evidence was adduced, and no effort appears to have been made to establish such a case.

Upon these grounds the court erred in granting instructions for the plaintiff and in refusing those asked by the defendant, and in overruling the motion for a new trial.

The judgment is reversed, and the case remanded for a new trial.