THOMAS W. SIMS ET AL. *v.* W. F. EILAND ET AL.

1. DECEIT. *False recommendation. Scienter.*
   An action for deceit in writing a false statement concerning another, whereby the latter obtained credit, cannot be maintained unless the defendant made the misrepresentation knowingly.
2. PLEADING. *Argumentativeness. Acts 1878, p. 190.*
   Under our system, argumentativeness in a pleading is no ground of demurrer.

ERROR to the Circuit Court of Noxubee County.

Hon. JAMES M. ARNOLD, Judge.

The declaration in this action on the case for deceit, filed by Thomas W. Sims and others, in their firm name of Sims, Harrison, & Co., of Mobile, Alabama, against W. F. Eiland, C. C. Eiland, and A. H. Bush, of Macon, Mississippi, alleged that although James Kincannon, who was a stranger to the plaintiffs, but the familiar acquaintance of the defendants, was insolvent and unworthy of credit, yet the defendants gave him a letter signed by them, and directed to the plaintiffs, stating that it would be handed to the latter by the defendants' old friend, James Kincannon, who would visit Mobile on business, which he would explain to them, that he had been long and favorably known to the defendants, and it gave them pleasure to say that any statements which he made to the plaintiffs could be implicitly relied on, and that any favors which the plaintiffs showed him would be thankfully received both by him and the defendants; that Kincannon presented the letter to the plaintiffs, who advanced him on the faith thereof nine hundred dollars; that he had not repaid the advance, but that the plaintiffs had obtained judgment therefor against him, and the execution had been returned *nulla bona,* and that they therefore claimed damages from the defendants on account of the false statements in the letter.

On the overruling of the plaintiffs' demurrer to the defendants' second plea, which is set out in the opinion of the court, the replication described in the opinion was filed. The de-

fendants' demurrer thereto was sustained, and the plaintiffs declined to plead further, but from a judgment *nil capiat* brought up the case.

*Rives & Rives,* for the plaintiffs in error.

1. It is difficult to so construe Code 1871, § 611 with Acts 1878, p. 190, as to sustain a demurrer in any case, unless something so essential to the action or defence has been omitted that judgment according to law and right cannot be given. The Code seems to abolish general demurrers, and the act of 1878 special demurrers. The court below ignored the latter statute, to which no objection is made, because the law of the case should be settled, as far as practicable, on the pleadings. Special attention is called to the replication and demurrer thereto, as raising directly the decisive issue.

2. While it is true that the false representation must have been made with the intent of obtaining credit for Kincannon, it is also true that such intent need not be actual. It is sufficient if it is apparent, for a man may always act on the ostensible purpose of another. The ruling of the court below on the pleadings was in effect that the defendants were not bound by a reasonable construction of their language, but could prove a private intent never communicated to the plaintiffs. The statements in the letter caused the plaintiffs to act; and the defendants cannot now by verbal proof give them a different meaning. *Ainslie* v. *Medlycott,* 9 Ves. 13; *Lobdell* v. *Baker,* 1 Met. 193, 201; *Stone* v. *Denny,* 4 Met. 151; *Smith* v. *Richards,* 13 Peters, 26; *Clopton* v. *Cozart,* 13 S. & M. 363; *Parham* v. *Randolph,* 4 How. 435; *Davidson* v. *Moss,* 5 How. 673; *Hall* v. *Thompson,* 1 S. & M. 443; *Iasigi* v. *Brown,* 17 How. (U. S.) 183.

*John E. Madison,* on the same side.

*Jarnagin, Bogle & Jarnagin,* for the defendants in error.

CAMPBELL, J., delivered the opinion of the court.

The gist of this action is fraudulent misrepresentation, knowingly made by the defendants, whereby the plaintiffs, trusting to it, were damnified. To maintain the action, the defendants must have made a false statement knowing it to be false. *Clopton* v. *Cozart,* 13 S. & M. 363; *Taylor* v. *Frost,*

39 Miss. 328; *Pasley* v. *Freeman*, 2 Smith's Lead. Cas. 157. The second plea, which avers in substance that the defendants " honestly believed " their representation to be true when they made it, was a sufficient answer to the declaration, and the demurrer to it was properly overruled. The replication, that the defendants had no reasonable ground to believe that their representation was true when they made it, is an argumentative denial that they did believe it, for one cannot believe what he has no reasonable ground to believe. Formerly, argumentativeness was a ground of special demurrer, but now " no pleading shall be deemed insufficient for any defect which could heretofore be objected to only by special demurrer." Acts 1878, p. 190. The argumentativeness of the replication, therefore, does not constitute insufficiency, and the only question is, whether a replication traversing the plea is good. Clearly it is, for the plaintiffs having demurred ineffectually to the plea, were required to reply by traversing it, or confessing and avoiding it. They chose the former course, and inferentially denied the truth of the plea. The demurrer to the replication should have been overruled, and the issue joined by the traverse of the plea should have been tried. The judgment will be reversed, the demurrer to the replication overruled, and the cause remanded for further proceedings in accordance with this opinion.

*Judgment accordingly.*