ALBERT J. VINCENT V. SAMUEL R. CORBETT.

[47 South. 641.]

1. DECEIT, ACTION OF. *Pleadings. Declaration. Demurrer. Representations. Knowledge of falsity.*

A declaration in an action of deceit for false representations is demurrable if it neither charges that the representations were made by defendant with knowledge of their falsity, nor pleads such facts as impute knowledge thereof to him.

2. SAME. *Evidence.*

To maintain an action of deceit for false representations it must be shown that the representations were made with actual knowledge of their falsity, or—what is the equivalent of conscious misrepresentation—that they were made recklessly and without regard to their truth or falsity.

3. SAME. *Scienter.*

The scienter must be charged and proved in actions of deceit; but it is sufficient to show that the false representations were made as of defendant's own knowledge, when he was without knowledge, or when, because of his position, he should have known their truth or falsity.

4. SAME. *Matter of fact. Area of cleared land in tract.*

A statement by an owner of a tract of land that a designated number of acres thereof was cleared is an averment of a fact and not the expression of an opinion, and, if false, an action of deceit can be predicated of it.

5. SAME. *Evidence. Prima facie case.*

Proof of a false statement by defendant touching the area of cleared land in a tract he was seeking to sell, materially overstating the number of acres, and that plaintiff bought on the faith thereof, makes out a *prima facie* case against the vendor in an action of deceit by the vendee, although plaintiff gave defendant credit for an honest mistake.

FROM the circuit court of Washington county.

HON. SYDNEY SMITH, Judge.

Vincent, appellant, was plaintiff in the court below; Corbett, appellee, was defendant there. From a judgment in de-

fendant's favor, predicated of a peremptory instruction, plaintiff appealed to the supreme court. The facts are fully stated in the opinion of the court.

*Percy & Moody,* for appellant.

The defendant, acting by his agents, falsely represented the boundaries of the land so as to induce the belief that the entire tract of cleared land, with the six houses, were located on the land sold, that the appellant relied upon these false representations, and by reason of his belief that they were true was induced to make the purchase, whereby he was damged, are facts so well established by the evidence that they cannot be controverted. It is, however, contended that the evidence showed that defendant, or his agents, did not know the falsity of these representations at the time the same were made; that to sustain this action it is necessary for the plaintiff to show some-thing beyond the bare falsity of the information upon which he acted in making the purchase; that it is necessary for him to have shown that the representations were knowingly false, or that they were so recklessly made as to amount to knowledge of their falsity.

There is a vast distinction between the liability of a party making a false representation honestly, to another's injury, whereby the person making the representation does not derive any profit, and where a person makes a false representation honestly to his own gain, and to another's injury. In the former case a recovery is permitted because of the fraudulent character of the representations, in other words, to punish the party for his fraud, while in the latter a recovery is permitted on the theory that one should not be permitted to pocket gains by false representations. In other words, in the latter case, the law does not allow the action to punish the untruth, but as a compensation to the party injured by its consequences. The true principle on which a recovery is permitted in the latter case is well stated in one of the authorities. "He who affirms either

what he does not know to be true, or knows to be false, to another's prejudice and to his own gain is, both in morality and law, guilty of falsehood, and must answer in damages."

The seller who owns the land and who proposes selling it, must be presumed to know more about the lines and what land is embraced within the tract than the buyer. In this case whether he did or did not, he assumed to know the fact that certain good land, which formed an inducement to the purchase, was included, and he, by his agents, asserted this as a fact, upon which the appellant relied and might well rely in concluding the bargain. He thus induced the purchase upon his false statement of a matter of fact, and pockets the gains, and he should not when sued, say "I did not know that I was telling an untruth." It is sufficient that he misrepresented the fact and did not care that he did so—in other words, that he asserted as true and as matter of knowledge that which was untrue, and which he either knew nothing about or knew to be false. In either case he has been benefited and another injured. 20 Cyc. 45 *et seq.,* and notes; *Ib.* 55; *Cottrill v. Krum,* 18 Am. St. Rep. 549; *Mitchell v. Zimmerman,* 51 Am. Dec. 717; *Tyson v. Passmore,* 44 Am. Dec. 181; *Lynch v. Mercantile Trust Co.,* 18 Fed. Rep. 486; *Ainslie v. Medlycott,* 9 Ves. 21; *Brooks v. Hamilton,* 15 Minn. 31 (Gil. 10); *Porter v. Fletcher,* 25 Minn. 493; *March v. Walker,* 40 N. Y. 562; *Munroe v. Pritchard,* 50 Am. Dec. 203.

In conclusion we rest our case upon the following quotation from the opinion of the court in the case last cited: "He who affirms either what he does not know to be true, or knows to be false, to another's prejudice, and his own gain, is, both in morality and law, guilty of falsehood and must answer in damages."

However, "did the law allow the action to punish the untruth, and not as a compensation to the party injured by its consequences, then it would be proper to make the action depend (as contended by appellee's counsel) upon the *scienter;* but the action is for the injury sustained by reason of the reck-

less, false assertion of the vendor, which was calculated to deceive, and did deceive the purchaser—consequences which to him are precisely the same, whether the vendor knew or did not know or care to know that the assertion was false."

*Campbell & Cashin,* for appellee.

Where a vendee seeks a rescission of a contract of sale, on the ground of false representations, or sues to recover damages for a false warranty, knowledge, on the part of the vendor of the falsity of the representations or warranty, is immaterial, and need not be alleged or proved, in order to maintain his suit, as has been repeatedly decided in this state; but where he sues for deceit, or fraudulent representations, as contra-distinguished from a false warranty, knowledge, on the part of the vendor, that the representations were false, when made, or want of an honest belief in their truth, is essential, and must be alleged and proved in order to maintain the action. An action of deceit cannot be maintained if the false representations are made in the honest belief that they are true. That is the rule established by the weight of authority, and especially by adjudications in this state. 14 Am. & Eng. Ency. of Law, 86; 20 Cyc. of Law and Procedure, 24, 35; 8 Ency. Pl. & Pr. 901; *Kountze v. Kennedy,* 49 Am. St. Rep. 65; Note to *Cottrell v. Krum,* 18 Am. St. Rep. 555; *McLeod v. Tutt,* 1 How. (Miss.) 288; *Taylor v. Frost,* 39 Miss. 328; *Mizell v. Sims,* 39 Miss. 331; *Sims v. Eiland,* 57 Miss. 83, s. c. p. 607.

The doctrine announced in *Estell v. Myers,* 54 Miss. 174, does not militate against that rule, for in that case, false representations were treated by the court as warranties, and, in that point of view, the decision of the court is in harmony with the rule stated in the outset of this brief, that where the false representations are warranties, knowledge of their falsity is immaterial.

Aside from the fact that the case of *Estell v. Myers,* was in chancery where the doctrine of constructive fraud as contra-

distinguished from fraud in fact, is often applied, recoupment, when relied on in a court of law is treated as an equitable defense, and as involving a failure of consideration. As was said by the court in *Myers v. Estell,* 47 Miss. 18, in speaking of the doctrine of recoupment, "it looks through the whole contract, treating it as an entirety, and treating the things done, and stipulated to be done on each side, as a consideration for the things done and stipulated to be done on the other. When either party seeks redress for a breach of the stipulation in his favor, it sums up the grievances on each side, instead of the plaintiff's side only—strikes a balance, and gives the difference to the plaintiff, if it is in his favor."

In 2 Warvelle on Vendors, sec. 903, it is said that: "The simple fact of falsity in representation, however, whether made with respect to situation, condition, quality or quantity, will not ordinarily furnish a defense to an action for purchase money, unless such representations were made fraudulently and with intent to deceive the purchaser;" and, in that connection, citing *Estell v. Myers, ubi supra,* it is there further said: "An apparent deviation from this rule has been permitted in some instances upon the ground that the representations might justly be regarded as warranties, and for breach of which the purchaser might recoup in damages when sued upon the contract; but this has only been permitted in extreme and clearly defined cases."

Here, as will be seen, the author cites *Estell v. Myers* as an apparent deviation from the rule announced by him, that false representations are not a defense to an action for purchase money, unless such representations were made fraudulently and with intent to deceive the purchaser; and that the deviation from the rule was allowed in that case on the ground that the false representations were treated by the court as warranties.

If the contract of sale, in *Estell v. Myers,* had been fully executed, and not executory in part, as it was, and the purchaser had brought suit at law against the vendor to recover damages

for the same false representations, basing his action upon them as warranties, could he have maintained his action in the face of the deed, which spoke the whole contract between the parties, and which was silent as to any such warranties?

We respectfully submit that the deed would merge all warranties, and would be the sole exponent of all matters of contract between the parties; and that, if there were false representations inducing the contract, such representations would only be the basis of an action of deceit in a court of law. 14 Am. & Eng. Ency. of Law (2d ed.) 29, 101; *Mizell v. Sims,* 39 Miss. 331.

Perhaps, the true ground of the decision of the court in *Estell v. Myers,* although being in a court of equity, should have been, not that the representations there made, were warranties, but were false and fraudulent, and that the evidence and circumstances of the case were sufficient to charge the vendor with knowledge of their falsity, or want of an honest belief in their truth. Be that as it may, the numerous decisions of our supreme court theretofore rendered to the effect that in an action of deceit for false and fraudulent representations, knowledge or its equivalent, of their falsity must be alleged and proven, in order to maintain the action, were not referred to in *Estell v. Myers,* nor was the doctrine announced in those decisions in any way shaken or modified, for in the later case of *Sims v. Eiland, ubi supra,* which was an action of deceit, the decisions prior to the ruling in *Estell v. Myers,* were cited with evident approval, and the doctrine announced by them reaffirmed.

So, it remains true, in this state, that in an action of deceit for false and fraudulent representations, regarding the sale of land, or of other subject matter, it is incumbent upon the plaintiff to allege and prove, in order to recover, that the defendant made the representations with knowledge of their falsity, or without an honest belief in their truth.

That the instant case as originally brought was, and as amended is an action of deceit, pure and simple, and not for a

false warranty, is plain and unmistakable. The declaration does not allege any warranty, nor indicate that the alleged false representations were so treated, but, on the contrary, it alleges that said representations were "deceitfully, falsely and fraudulently" made; and, according to *Taylor v. Frost,* 39 Miss. 328, grounding a complaint upon false, fraudulent and deceitful representations, and failing to aver a warranty, makes the action, in form and legal effect an action of deceit. *Ross v. Mather,* 51 N. Y. 108.

FLETCHER, J., delivered the opinion of the court.

Appellant, Vincent, purchased from appellee, Corbitt, and Frank Trimble, partners engaged in the business of buying and selling lands, the land described as the S. E. ¼ of section 4, township 22, range 6. Adjoining this land, and with nothing to mark the boundary between, was the S. W. ¼ of the same section belonging to one Barker. The purchase price was $5,040, which was fully paid by Vincent. The transaction was had between Vincent and Trimble, one of the partners, and Trimble represented to Vincent, before the purchase was made and also at the time of the purchase, that the land sold contained sixty-five acres of cleared land and six tenant houses. After the delivery of the deed and the payment of the purchase money, Vincent discovered that fifty acres of the cleared land were in fact a part of Barker's tract, and that he (Vincent) got only fifteen acres of cleared land. It was further ascertained that one of the tenant houses, which had been represented as being on his (Vincent's) land, was in fact situated on the land of Barker. Thereupon, after fruitless efforts to secure a settlement, Vincent instituted an action of deceit against Corbitt and Trimble, claiming damages for the false and fraudulent representations; but, being unable to secure service upon Trimble, the cause proceeded against Corbitt alone.

The original declaration failed to charge that these false representations were made with knowledge of their falsity on the

part of the vendors, and because of this omission a demurrer to the declaration was successfully interposed. However, leave being granted to amend, an amendment was made averring that the representations were made "without knowledge or well-founded belief in their truth on the part of defendants." On the trial Vincent testified to the facts above set forth, and stated that the prospect of securing this quantity of cleared land was a material inducement to the purchase; that Trimble and the witness had ridden by the land two or three times on the train; that Trimble stated positively on more than one occasion, and at the time the deal was closed, that the tract which he proposed to sell contained the entire sixty-five acres of cleared land and all six of the tenant houses; that as a matter of fact a subsequent survey showed that he (witness) got only fifteen acres of cleared land and one cabin less than had been represented; and that the cleared land was worth $30 per acre more than uncleared land. He stated, however, that in his opinion, Trimble was honestly mistaken about the land, and had not been guilty of any intentional fraud or willful deceit. There was further shown by a surveyor the location of the true boundary line between the two tracts. This being all the evidence of the plaintiff, the court excluded the evidence and directed a verdict for the defendant, and plaintiff prosecutes this appeal.

It is the contention of appellee that this action of the lower court was correct, since there was no proof that the false representations were knowingly made, but that, on the contrary, plaintiff gives it as his opinion that Trimble made an honest mistake and did not intend to defraud. It is therefore argued that, since knowledge on the part of a vendor of the falsity of a representation is the gist of an action of deceit, there can be no recovery in such an action unless such knowledge is shown. It is pointed out in this respect that an action of deceit differs from an action for a breach of warranty, since in the latter action it is enough to show that a material warranty has failed, and the question of knowledge is immaterial. This rule as to

actions of deceit is broadly stated in 14 Am. & Eng. Ency. of Law (2d ed.), 86, where it is said: "By the overwhelming weight of authority, in order to render a person liable for false representations in an action of deceit it must be shown that he made the representation *scienter;* that is, either with actual knowledge of their falsity, or under such circumstances that the law will imply or impute knowledge, as in the case of reckless statements without knowledge, whether they are true or false, representations made for a fraudulent purpose, though without actual knowledge of their falsity, and representations accompanied by a false assumption of knowledge, express or implied. As a general rule, an action of deceit cannot be maintained if a false representation is made in the honest belief that it is true."

While due weight must be given to the necessity for alleging and proving that declarations were made with knowledge of their falsity, regard must also be had for the equally well settled principle that statements recklessly made and statements made as of knowledge, when in fact no such knowledge exists, are in law considered as the equivalents of conscious misrepresentations. The doctrine is thus aptly put: "In actions of deceit, the charge of fraudulent intent is maintained by proof of a statement made, as of the party's own knowledge, which is false, provided the thing stated is not merely a matter of opinion, estimate, or judgment, but is susceptible of actual knowledge; and in such case it is not necessary to make any further proof of an actual intent to deceive. The fraud exists in stating that the party knows the thing to exist when he does not know it to exist, and, if he does not know it to exist, he must ordinarily be deemed to know that he does not." *Chatham Furniture Co. v. Moffatt,* 147 Mass. 403, 18 N. E. 168, 9 Am. St. Rep. 727. It is further said in 14 Am. & Eng. Ency. of Law (2d ed.), 99: "To bring a case within the principle above stated, it is not necessary that the party who has made the false statement of fact shall have unqualifiedly declared

himself possessed of knowledge, or, in other words, that he shall have asserted in express terms that he knew his statement to be the truth. If a person makes a positive and unqualified false statement of a fact which is susceptible of knowledge, an affirmation of knowledge is implied from the positive character of the statement, and, if he has no knowledge, he is guilty of actual fraud."

It will be observed that these authorities do not go to the extent of holding that it is not necessary to allege and prove the *scienter*. This view has to do solely with the method and the *quantum* of proof. It is applicable here, because the question before us for discussion is whether plaintiff, when he completed his testimony, had made a *prima facie* case, calling for explanation by the defendant. Upon this precise point the observations of the Pennsylvania court in *Griswald v. Gebbie*, 126 Pa. 353, 17 Atl. 673, 12 Am. St. Rep. 878, are pertinent. It is there said that: "In an action of deceit, *scienter* must not only be alleged, but proved; and the jury must be satisfied that the defendant made the statement knowing it to be false, or with such conscious ignorance of its truth as to be equivalent to a falsehood. But the plaintiff in such action has made out a *prima facie* case, without direct proof of deceitful intent, when he has proved that the defendant made a positive statement of a material fact, its falsity, and the circumstances under which it was made, tending to show a reckless assertion in conscious ignorance of the fact." We have been cited to many cases holding, in effect, that the better rule in actions of deceit is that it is not necessary to allege and prove knowledge of the falsity of the representations on the part of the vendor; but we are not prepared to follow these cases in all respects. We think the true rule, or at least the one supported by the decided weight of authority, is expressed in the extracts quoted above, and especially the following statement found in 8 Ency. Pl. & Pr., at page 905: "It is not always necessary, however, to prove that the defendant actually knew the falsity of his representa-

tions; *scienter* being sufficiently proven by showing that the representation was made as of knowledge, when in fact the defendant was without knowledge upon the subject, or when, by reason of his position, he should have known the truth or falsity of the representation made. These qualifications do not form exceptions to the rule that *scienter* must be proven, but relate only to the manner in which it should be shown."

We cannot escape the conclusion that the plaintiff in the case at bar brought himself within the scope of this sensible and salutary rule. Certainly Vincent had a right to assume that the owners of the property knew whereof they spoke when they assumed to state that the cleared land was on the property sold. The statement was manifestly one of fact, and not opinion, and was made as of knowledge. True, plaintiff gives it as his opinion that Trimble made an honest mistake; but, after all, this can only be a matter of opinion. It was not pretended to be based on any facts which would explain the source and reason of the opinion. We cannot hold that this charitable opinion of the plaintiff is sufficient to relieve the defendant from the duty of overthrowing the *prima facie* case arising from the showing as to damage which has resulted from a misrepresentation of a material inducement to the purchase, made presumably in conscious ignorance of the truth, and hence in the eyes of the law made recklessly and fraudulently.

We write this in full view and after careful consideration of the cases of *Sims v. Eiland,* 57 Miss. 83, *Mizell v. Sims,* 39 Miss. 331, and *Taylor v. Frost,* 39 Miss. 328. *Sims v. Eiland,* carefully considered, does not, in our opinion, militate againsst our holding. The only question squarely before the court for decision in that case was the sufficiency of a replication to a plea averring that the defendants "honestly believed" that the representations were true; and the court holds that it is a good answer to such a plea to aver that defendants had no reasonable ground to believe that such representations were true, for, says Judge CAMPBELL, "one cannot believe what he has no reason-

able grounds to believe." Here we hold no more than that Trimble, having made an emphatic assertion of a fact, should be required to disprove the presumption of knowledge which is thereby created, and disclose, if he can, what reasonable grounds existed for his belief. *Mizell v. Sims* turns upon the form of the action, and the court does no more than to decide that in an action based upon a breach of warranty where the warranties are expressed in a written instrument, contemporaneous verbal representations cannot be considered, because the suit is not the common-law action of deceit. *Taylor v. Frost* involves the correctness of certain instructions given after full proof, and does not necessarily involve any consideration of presumption or the requisites of a *prima facie* case. The opinion does, indeed, say that it is incumbent on the plaintiff to show knowledge on the part of the vendor; but there was no necessity in that case for consideration of the question as to how that knowledge may be proven.

We have carefully examined the exhaustive note to *Cottrill v. Krum* (Mo. Sup.), 18 Am. St. Rep. 549, and, so far from being shaken in our position, we are confirmed therein, especially in view of the language employed on page 559, where it is said: "To make a party liable in an action at law for false representations, it must be shown that he made the representations with actual knowledge of their falsity, or without knowing whether they were true or false, or under such circumstances that he ought to have known that they were false, whether he did or not." The authorities cited in support of this statement are numerous and of the highest order of respectability. We have also examined *Kountze v. Kennedy,* 147 N. Y. 124, 41 N. E. 414, 29 L. R. A. 360, 49 Am. St. Rep. 651, and, while there are some observations in this case growing out of its own particular facts which seem to be at variance with our announcement, yet the court is at pains to say, in effect, that a statement made without knowledge of its truth or falsity, and not caring what the fact may be, is made recklessly, and

amounts in law to the same thing as actual, positive knowledge of the falsity.

In justice to the learned judge below, we feel it our duty to say that he was doubtless misled, in the hurry of a *nisi prius* trial, by the language employed in the Mississippi cases referred to, especially *Taylor v. Frost, supra,* and such language might well mislead the most careful and learned judge, called on to decide a close question without opportunity to reflect or examine authorities.

It follows, from these views, that, while we approve of the action of the court in sustaining the demurrer to the original declaration, the peremptory instruction should not have been given, and the judgment is therefore *reversed and the cause remanded.*