FLEMING *v.* MILLER.

[87 South. 277, No. 21491.]

VENDOR AND PURCHASER. *Shortage in acreage does not prevent specific enforcement where sale expressly not by acre, but in gross.*

Where a person in negotiating a sale of land states that he thinks the place contains a named acreage, but expressly states to the buyer that he is not selling it by the acre, but selling it as it is and as the purchaser sees it, a material shortage in the estimated acreage will not avoid the trade nor prevent a specific enforcement of the contract.

On suggestion of error. Suggestion of error overruled. For former opinion, see 86 So. 814.

ETHRIDGE, J., delivered the opinion of the court.

This suit was for specific performance of a contract of sale of real estate, and the defense was that the seller had stated there were from two hundred forty to two hundred fifty acres in the place, whereas in truth there were only about two hundred eleven acres. The chancellor decreed for the complainant. The case was affirmed on a former day without a written opinion.

A suggestion of error has been filed which suggests that the affirmance was in conflict with the case of *Allen* v. *Luckett,* 94 Miss. 868, 48 So. 186, 136 Am. St. Rep. 605, and other cases in this state and other states. It is urged in the suggestion of error that the former decision in this case be reversed, or that the court should overrule the case of *Allen* v. *Luckett, supra.*

We think there is a distinction between the present case and the cases relied upon by the appellant, and especially that of *Allen* v. *Luckett, supra.* The principle announced in that case is that:

"A material mistake by one or both parties to a deed as to the identity, situation, boundaries, title, amount, or value of the land conveyed by it will warrant appropriate equitable relief, although its terms accord with the intent of the parties."—which principle we recognized in deciding the present case. In that case the court said:

"On this record the chancellor must have concluded that Allen was more familiar with the boundaries of the land

than was Luckett, that Allen pointed out these boundaries, that the sale was made upon the faith of these representations, that the sale was *by the acre* [italics ours], and that appellee did not intend to convey more than fifty acres; whereas, in truth, nearly two hundred acres were conveyed."

In the present case Mr. Miller, testifying in his own behalf as to what passed, said:

"Mr. Fleming said to me: 'How many acres of land have you got in this place?' I said: 'I don't know. I have always claimed two hundred forty or two hundred fifty; but my father tells me that I haven't got that much land, that the front of the topography, that the road and the hill there, cuts off some of it, I don't know how much, and I don't think very much.' This is my exact expression to Mr. Fleming. I said to him: 'Now, Mr. Fleming, I am not trying to sell you the acreage. I am selling you this place in bulk. I am selling it to you as it is. You have seen it, you have seen the corners, and you have seen where the road intersects, and I am selling you this place.' "

This statement was accepted by the chancellor as true, and, if true, it called sharply to the attention of Mr. Fleming the fact that Mr. Miller was selling the place in gross, without reference to its acreage; that he was selling to Mr. Fleming what Mr. Fleming had visualized in looking over the place, and was not selling to him an acreage proposition. If acreage was material in influencing Mr. Fleming in buying the place, this statement put him on notice that he must ascertain such acreage by his own methods. This testimony warranted the chancellor in believing that the acreage was not material in influencing Mr. Fleming in the purchase of the place, and the doctrine of *Allen* v. *Luckett, supra,* does not apply.

It is true, as has been held in many cases, that where a party states a matter as a fact within his knowledge and such statement proves to be false, though not believed to be false at the time of making it, it will protect the other party from the consequences of misstatement if he acted

upon it believing it to be true, as was held in *Vincent* v. *Corbett,* 94 Miss. 46, 47 So. 641, 21 L. R. A. (N. S.) 85; *McNeer & Dodd* v. *Norfleet,* 113 Miss. 611, 74 So. 577, Ann. Cas. 1918E, 436.

Of course, it is competent for parties to make such contracts as they please not contrary to law or public policy, and each case must necessarily depend upon its own facts. We do not think the authorities sustain the position that a party who enters into a contract to buy a thing in gross without reference to quantity or value can repudiate such contract on the idea that both parties or either of them made a mistake as to quantity or value which had no influence in bringing about the contract.

The suggestion of error will therefore be overruled.

*Overruled.*