J. C. PENNEY Co. *et al. v.* MORRIS.

(Division A. Sept. 23, 1935.)

[163 So. 124. No. 31768.]

Carl Marshall, of Gulfport, for appellants.

**H. H. Evans** and **Bidwell Adam,** both of Gulfport, and **Chalmers Potter,** of Jackson, for appellee.

714

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a judgment awarding damages for a personal injury, which the jury found was caused by negligence of the appellants.

The case was tried twice in the court below. On the first trial there was a verdict and judgment for the appellants which the court set aside.

J. C. Penney Company are retail merchants, and the appellant L. J. Hersinger was its business manager. The appellee purchased a pair of slippers from J. C. Penney Company, Hersinger making the sale to her in person. She tried on the slippers and was satisfied with their fit. The first time she wore the slippers she fell, after walking about ten feet, and broke her left ankle. Immediately after her fall, the heel of the left slipper was found on the floor detached from the slipper. According to her evidence, she discovered, while making the purchase, that the heel on the left slipper was loose, there being a perceptible space between the heel and sole of the slipper. She called Hersinger's attention to this fact, whereupon "he said there was not any danger of that heel, it was put on there strong enough and had rubber cushion between the heel and shoe, and there was no danger of that heel coming off, and the man being in business like that as long as he was, I took his word for it and bought the shoes, and he said 'I will guarantee you that heel will not come off.'" In this she was corroborated by her husband, who was present at the sale.

The contradiction of this evidence rests in the testimony of Hersinger, who said that he recalled the sale

only after examining the sales slip thereof made by him at the time; did not recall any conversation with the appellee about the heel of the slipper, and did not know, when he made the sale, that the slipper had a defective heel. The slippers were purchased by J. C. Penney Company from a reputable manufacturer.

The action is in tort and is based on the negligence of Hersinger in selling the appellee slippers with a defect therein as hereinabove set out.

The assignments of error are that the court below erred: (1) In setting aside the first verdict and judgment; and (2) in refusing to direct a verdict for the appellants on the second trial.

The motion by the appellee for the setting aside of the verdict and judgment on the first trial complained of the granting of certain instructions, and alleged that a juror, on his voir dire, had given a false answer to a question, the correct answer to which would have been material to appellee's counsel in determining whether or not to challenge the juror peremptorily.

A ruling made by the trial judge when passing on this motion seems to indicate that he set aside the verdict and judgment on the second of these grounds.

It will not be necessary for us to determine the correctness of this ruling if the appellee was entitled to have the verdict and judgment set aside because of the granting of the challenged instruction. This instruction is as follows:

"The court instructs the jury that a retail dealer in merchandise who does not manufacture the article sold is not liable for an injury resulting to a customer because of a defect that was either not known to the retail dealer, or was a defect that the customer had an equal opportunity with the dealer to know; and if the jury believe from the evidence in this case that the said shoe heel did come off from a defect of manufacture, if such were the case, and that the plaintiff received

injury therefrom, if such were the case, it is the sworn duty of the jury to return a verdict for the defendants, unless the jury has been satisfied by the greater weight, or preponderance of the evidence, that said defect, if any, was known to the defendant, was unknown to the customer, and the customer did not have an equal opportunity with the retail dealer to discover the defect, if any, before the occurrence of the said injury, if any.''

The correctness of this instruction and of the appellants' contention that they were entitled to a directed verdict on the second trial present the same question of law, and will be considered together.

We will assume, but merely for the purpose of the argument, that the instruction granted on the first trial announces a correct rule of law as applied to the hypothetical facts therein stated. 2 A. L. I. Rest. of Torts, sec. 388.

The appellee's complaint is that Hersinger, knowing that the heel was loose, negligently assured the appellee that it was properly attached to the slipper and would not come off, on which statement she relied in purchasing the slippers. This element is omitted from the instruction, and the jury were authorized to find a verdict for the appellants without reference thereto. The rule here applicable is stated in A. L. I. Rest. of Torts, sec. 401, as follows:

''A vendor of a chattel made by a third person which is bought as safe for use in reliance upon the vendor's profession of competence and care is subject to liability for bodily harm caused by the vendor's failure to exercise reasonable competence and care to supply the chattel in a condition safe for use.'' Also 45 C. J. 892. The appellee's evidence brings the case within this rule.

But the appellants say that the evidence does not disclose whether the heel came off of the slipper and caused the appellee's fall, or whether she fell for another reason, thereby causing the heel to come off of the slipper.

The appellee testified that her fall was caused by the heel of the slipper coming off, and on the evidence the jury were warranted in so finding.

The giving of the challenged instruction on the first trial was an error necessitating the setting aside of the verdict and judgment rendered therein, and the appellants were not entitled to a directed verdict on the second.

Affirmed.