THE ARCADIA MERCANTILE COMPANY, A CORPORATION, *Appellant,* v. ALPHA BRANNING AND ELLA BRANNING, *Appellees.*

1. A bill of complaint may be deemed to be multifarious when it states distinct, separate and independent equities that can better be adjudicated in more than one suit. Unless multifariousness clearly appears from the allegations of a bill of complaint it is not subject to a demurrer on that ground.

2. Where the parties complainant in an equity proceeding have a common interest in the subject of the litigation and have

some relation to each other growing out of the common interest and the allegations are of a single distinct equity as to which a specific relief is prayed against a single defendant, the bill of complaint is not multifarious.

This case was decided by Division A.

Appeal from Circuit Court for DeSoto County.

The facts in the case are stated in the opinion of the court.

*W. E. Leitner,* for Appellant.

*Jno. W. Burton,* for Appellees.

WHITFIELD, C. J.—The appellees, husband and wife, filed a bill in equity in the Circuit Court for DeSoto County against the appellant in which it is in substance alleged that Alpha was the owner in fee simple and in possession of certain described land, and for a valuable consideration moving from the wife conveyed the land to her and she took and holds possession; that the appellant here procured a judgment against J. H. Jenkins and Alpha Branning individually upon a service made only on J. H. Jenkins when no partnership relation existed between them; that the land was sold under an execution to the appellant. The prayer is for a cancellation of the judgment and deed of conveyance and for general relief. A demurrer to the bill was overruled and on appeal the sole contention is that the bill of complaint is multifarious.

A bill of complaint may be deemed to be multifarious when it states distinct, separate and independent equities that can better be adjudicated in more than one suit. Unless multifariousness clearly appears from the allega-

tions of a bill of complaint it is not subject to a demurrer on that ground. See Murrell v. Peterson, 57 Fla., 480, 49 South. Rep. 31.

Where the parties complainant in an equity proceeding have a common interest in the subject of the litigation and have some relation to each other growing out of the common interest and the allegations are of a single distinct equity as to which a specific relief is prayed against a single defendant, the bill of complaint is not multifarious.

Whether the husband or the wife was the real owner of the land, the allegations of the bill of complaint made them both proper parties complainant and the relief sought against a sole defendant is based upon allegations of a distinct equity.

The interlocutory order appealed from is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, P. J., and HOCKER and PARKHILL, J. J., concur in the opinion.