REUBEN CARLTON, *Appellant*, v. CHARLOTTE HILLIARD, AS GUARDIAN OF THE PERSON AND ESTATE OF GLADYS OLM-STEAD, *Appellee.*

1.  Where a demurrer is to the whole bill, special grounds therein that are not applicable to the whole bill will not be considered.

2.  Multifariousness goes to convenience more than to the merits; and when there is a general demurrer for want of equity, a ground of demurrer for multifariousness may not avail if there is equity in the bill.

3.  A bill is not multifarious because it seeks in a proper case to procure partition and an accounting.

4.  An accounting by one in possession of lands is a proper incident to the partition of the lands, while an injunction and a receiver are merely ancillary to the main purpose.

Appealed from the Circuit Court for St. Lucie County.

The facts in the case are stated in the opinion of the court.

*Pope* & *Penny,* for Appellant;

*Hudson* & *Boggs,* for Appellee.

WHITFIELD, C. J.—The following bill of complaint was filed:

"Your orator, Charlotte Hilliard, as guardian of the estate of Gladys Olmstead, an infant, brings this her bill of complaint against Reuben Carlton of the County of St. Lucie, State of Florida, and complaining says:

"That heretofore to-wit, on the 21st, day of July, 1909, upon application duly made, your oratrix, being then and there the guardian of the person of Galdys Olmstead, was by the County Judge of St. Lucie County, appointed as guardian of the estate of the said Gladys Olmstead, your oratrix's daughter, an infant of the age of fifteen years, and on said date your oratrix duly took oath before the said County Judge as such guardian, and, to-wit, on the 3rd day of December, 1909, your oratrix duly filed her bond in the sum of $300.00 as such guardian, and on the said 3rd day of December, the County Judge of said St. Lucie County, issued letters of guardianship to your oratrix, copies of said application, order, oath, bond and letters are herewith filed as Exhibits A, B, C, D and E.

At the time of your oratrix's said appointment as guardian, her said ward, Gladys Olmstead was the owner of a certain interest in real estate, to-wit, an undivided one-third interest in fee simple in the northeast quarter

of the northeast quarter of section 32, township 36, south, range 38 east, in said county of St. Lucie, and your oratrix's said ward is still the owner in fee simple of the said undivided one-third interest, the remaining two-thirds being vested, as your oratrix is informed and believes, in the defendant Reuben Carlton.

And the said Reuben Carlton was thence and hitherto has continued in sole possession of said described land, and has received, collected and used the issues, rents and profits thereof, and has sold and·caused to be sold certain crops of oranges from trees belonging upon said property, of great value, the exact value of said issues, rents and profits being to your oratrix unknown, but said defendant has neglected and failed to account to your oratrix as guardian of the said Gladys Olmstead, or to pay over to your oratrix as guardian aforesaid, the shares of the said Gladys Olmstead in the issues, rents and profits, and has utterly failed to account to your oratrix for defendant's use of said premises as aforesaid.

Wherefore as she is without remedy in the premises, save in a court of equity, your oratrix prays that the said defendant, Reuben Carlton, be required to make full, direct and positive answer to the allegations of this bill, but not under oath, answer under oath being hereby expressly waived, and that upon the coming in of such answer, an accounting be decreed under the order of this court of the rents, issues and profits of the said real estate, since the 21st day of July, A. D. 1909, and that the defendant be required to pay over to your oratrix one-third of the value of such rents, issues and profits for the use and benefit of your oratrix's ward, Gladys Olmstead; that a partition of the above described property shall be decreed by the court in accordance with

law, and that one-third thereof of the proceeds of the sale thereof shall be conveyed to your oratrix as guardian of the said Gladys Olmstead; that the defendant Reuben Carlton be enjoined from converting any crops or the proceeds of any crops hereafter maturing upon the premises to his own use and from paying over any share of Gladys Olmstead to any other person than your oratrix, and that a temporary injunction may issue restraining the defendant as above prayed, and that a receiver may be appointed with the usual power of receiver in chancery to take possession of the said property and to administer the same for the benefit of the owner thereof under the orders of this court, and to pay into the court all the rents, issues and profits of the said property to be disposed of as equity may decree, and for such other and further relief as equity may require and as to your Honor may seem meet.

May it please the court to grant unto your oratrix the State's most gracious writ of subpœna in chancery directed to the above named defendant and requiring him to be and appear in this court at a day and under a penalty to be therein fixed, and to do and abide such orders of this court in the premises, and complainant will ever pray."

To this bill of complaint the following demurrer was presented:

"This defendant, by A. D. Penny, his solicitor, demurs to the bill of complaint of the above named complainant, and for cause of demurrer says:

The complainant has not, in and by her said bill of complaint, made out or stated any cause of action which entitles her, in a court of equity, to the relief prayed for, or to any relief in the premises.

2.   And for further cause of demurrer defendant says. there is no equity in the bill.

3.   And for further cause of demurrer defendant says, that the residence of the complainant is not stated in the bill.

4.   And for further cause of demurrer defendant says, that the bill is multifarious in that it seeks to join several distinct causes of action in one bill.

5.   And for further cause of demurrer defendant says. that the bill fails to name the defendant in the prayer for process.

6.   And for further cause of demurrer defendant says that the bill fails to show the complainant became the guardian of the person of Gladys Olmstead on the date set forth in the bill.

7.   And for further cause of demurrer defendant says. that the bill does not show that any demand was ever made upon defendant, by the complainant, to turn over any rents, issues or profits to complainant, or that he refused to do so upon demand.

8.   And for further cause of demurrer defendants says, that the said bill of complaint is not sworn to.

9.   And for further cause of demurrer defendant shows. that the allegations in the bill are not clear, positive and direct, nor are they verified by an affidavit also positive direct.

10.   And for further cause of demurrer defendant shows that an injunction will not be granted upon mere allegations of conclusions or opinions as to a threatened injury, but the bill must set forth such a state of facts. as leaves no room for doubt."

The demurrer was overruled, and defendant appealed.

The demurrer herein contains grounds that go to the equity of the bill as well as grounds that attack the frame-

of the bill; but the demurrer is to the whole bill only, and the special grounds are not confined to the particular portions of the bill attacked. As such special grounds are not applicable to the whole bill, they will not be considered; but the court will pass upon the grounds that relate to the equity of the bill.

Multifariousness goes to convenience more than to the merits; and when there is a general demurrer for want of equity, a ground of demurrer for multifariousness may not avail if there is equity in the bill. Storrs v. Wallace, 54 Mich. 112, 19 N. W. Rep. 770. This is not inconsistent with the rule announced in Robinson v. Springfield Co., 21 Fla. 203.

The object of the bill is to secure partition and an accounting from one in possession of real estate, with incidental remedy by injunction and receiver. This does not render the bill multifarious as to subject matter, since the allegations do not state distinct, separate and independent equities that can better be adjudicated in more than one suit, Arcadia Mercantile Co. v. Branning, 59 Fla. 428, 52 South. Rep. 558; Murrell v. Peterson, 57 Fla. 480, 49 South. Rep. 31.

An accounting by one in possession of lands is a proper incident to the partition of the lands, while an injunction and a receiver are merely ancillary to the main purpose. See Atkinson v. Schilman, 60 Fla. 301, 53 South. Rep. 844; 56 South. Rep. 274; Law v. Taylor, 63 Fla. 487, 58 South. Rep. 844.

In Mattair v. Payne, 15 Fla. 682, the object of the bill of complaint was to set aside conveyances for fraud, for partition, for an accounting, to recover rents and profits and other distinct purposes, and the court held the allegations of the bill to be "incompatible and multi-

farious." The head-notes in that case are somewhat misleading.

Allegations as to when the complainant became the guardian of the person of her ward, and as to making demand on the defendant to account, are not material to the plaintiff's equity. There is an allegation that the defendant neglected and failed to account.

There is equity in the allegations of the bill and the order overruling the demurrer to the whole bill thereto is affirmed.

SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.

TAYLOR, J., not participating.