A. V. WRIGHT AND JESSE E. WRIGHT, *Appellants*, v. JULIA M. WRIGHT BY HER NEXT FRIEND, J. A. JAMISON, *Appellee.*

Opinion filed January 10, 1918.

1. A married woman by her next friend may maintain a bill in equity against her husband and a third person to cancel a deed to the latter by which the homestead was attempted to be conveyed where it appears that there has been no proper acknowledgment of the execution of the deed by the wife.

2. Objection to a bill in chancery upon the ground of multifariousness will not avail a defendant where he is interested in every important phase of the litigation, and he cannot complain because other matters are involved in which he has no interest if such other matters do not constitute the main object of the suit.

Appeal from Circuit Court for Hillsborough County, F. M. Robles, Judge.

Order affirmed.

*Fletcher & O'Neill,* for Appellants;

*Howard P. Macfarlane* and *N. B. K. Pettingill,* for Appellee.

ELLIS, J.—The appellee a married woman by her next friend exhibited her bill against A. V. Wright her husband and Jesse E. Wright brother to her husband for the cancellation of a certain deed executed by her and her husband to J. E. Wright; for separate maintenance while being apart from her husband, counsel fees and suit money and permanent alimony; for a receiver to take charge of the property described in the deed and to cultivate, harvest and dispose of the crops and to mortgage such part of the property as may be necessary to support and maintain the complainant and her children.

The defendants each demurred to the bill, which demurrers were overruled and they appealed.

The bill alleges that the complainant and A. V. Wright were married in Hillsborough County, Florida, in the year 1901, and that she is now his wife; that ever since they were married, they have had their "home and domicile" in said county; that during the year 1907, A. V. Wright, having become mentally unbalanced and subject to frequent hallucinations imagined that it was necessary for him to convey his property to defeat his enemies whom he thought were conspiring against him; that he induced his wife through fear to accompany him to town and to sign with him a deed purporting to convey the homestead of one hundred and sixty acres and all the personal property and household effects, about one

hundred head of cattle, horses, mules, hogs, wagons, etc., and about a hundred and sixty acres of land in addition to the homestead; that after signing the deed, which complainant alleges was not acknowledged in accordance with the forms of the statute, she and her husband returned home and he put the deed away in a trunk where it remained until 1914; during which time complainant and her husband lived upon the homestead, cultivated the said land, paid the taxes upon the property and used and occupied it as their own; that the grantee named in the deed was J. E. Wright, brother to complainant's husband and that he lived in the State of Georgia; that in 1914, A. V. Wright, whose condition had been growing worse all the time became "violently insane and attempted to commit suicide, inflicting a severe and dangerous gunshot wound in his head;" that about a week or two prior to that act he took the deed out of the trunk saying that he intended to send it by mail to his brother. After the attempted suicide J. E. Wright came to Florida, represented to the complainant that as nearest relative to A. V. Wright he was entitled to take charge of all the property, failing to find the deed procured the complainant to execute and deliver to him a certain paper writing the exact nature of which was unknown to the complainant and agreed on his part to manage the property to the best of his ability and insisted upon removing his brother and the complainant to Georgia; that they arrived in Barnesville, Georgia, in April, 1914; her husband was soon released from the sanatorium and she lived with him in Barnesville until June 1915, when she was obliged to leave him because of his continued and increasing cruelty towards her; the bill alleges that her husband threatened to kill her and her children and that she was compelled to remove

herself and children to a place of safety; that since the removal of the complainant and her husband to Georgia, J. E. Wright has assumed control of the property described in the deed, which he has recorded, claims to be owner of the property to the exclusion of complainant and her children and that she has had no means of support from her husband; that she has three children who depend upon her for support and the property should be sequestrated and sold or mortgaged and the proceeds paid over to her for support of herself and children.

The demurrers interposed to the bill were alike and were based upon the following grounds:

"1st. The complainant has not by her said bill, made or stated such a case as entitles her, in a court of equity, to any discovery or relief from or against this defendant touching the matters contained in the said bill, or any of such matters.

"2nd. That it appears by the said bill that the same is exhibited against this defendant, and the several persons therein named as defendants thereto for distinct matters and causes, in several whereof, as appears by the said bill, this defendant is not in any matter interested concerned, and that the bill is altogether multifarious.

"3rd. That it appears by the complainant's bill that there is no privity between the complainant and the defendant, to enable the complainant to call upon this defendant for the relief, or any part thereof, sought by said bill.

"4th. Because the bill shows her guilty of laches."

In the case of Shad v. Smith, decided at the last term of the court, we held that a married woman by her next friend could maintain a bill in equity against her hus-

band and another person to whom a deed of conveyance has been made by them purporting to convey the homestead, to cancel the deed where it appeared there had been no proper acknowledgment of the deed by the wife.

In the case of Mountein v. King, decided at this term of the court, we held that while a bill in equity should not contain distinct and disconnected causes of action as to which different independent decrees may be rendered, yet one defendant against whom relief is sought in every phase of the case is not prejudiced by the joinder of causes and he cannot in general justly complain on his demurrer to the bill of complaint of having one rather than several suits brought against him. See also Farrell v. Forest Inv. Co., 73 Fla. 191, 74 South. Rep. 216. That the objection of multifariousness is a personal one and that only a defendant who is prejudiced thereby can be heard to complain of it.

The demurrers were properly overruled because the bill contains sufficient grounds for equitable relief against both defendants, is not multifarious as to either because the husband is interested in every phase of the case and while J. E. Wright has no interest in the prayer of the wife for custody of her children he is interested in the matter of alimony and maintenance and suit money because it is out of the proceeds of the sale or pledging of the property standing in his name that such charges are to be realized if complainant is successful, and the complainant is not guilty of laches.

The order of the chancellor is therefore affirmed.

BROWNE, C. J. AND TAYLOR, WHITFIELD AND WEST, J. J., concur.