A. H. WALDIN, P. B. WALDIN, JOHANNA MARKHAM, joined by her husband, JOSEPH J. MARKHAM, GERTRUDE STEINGRABER, joined by her husband, WM. C. STEINGRABER, Appellants, v. NELLIE B. WALDIN, a feme sole, Appellee.

En Banc.

Opinion filed July 31, 1929.

*Mitchell D. Price,* for Appellants;

*R. F. Burdine,* for Appellee.

Brown, J.—This was a bill brought by the heirs of Bernard A. Waldin against his widow for the allotment of dower to such widow and partition of the property, which it is alleged constituted the homestead property of the deceased, among the heirs. The bill alleged that at the time of his death said Bernard A. Waldin was the owner of certain homestead property, consisting of a twenty acre tract upon which his residence was located and a ten acre tract cornering thereon and used in connection therewith, and it is alleged that the entire thirty acres was used together and constituted the homestead of the deceased. The bill further alleged that the deceased left a will which, after bequeathing certain legacies of $500.00 to each of his four children, devised and bequeathed the remainder of his estate, both real and personal to his wife, whom he named as executrix. That the widow did not elect to take a child's part; that she had retained possession of the entire homestead property, and that, although under the law such homestead property was not subject to testamentary disposition, the widow retained possession and claimed title to the same under the will. The bill prayed that the described property be decreed to have constituted the homestead of the deceased and to have descended to his legal heirs unaffected by the terms of the will; that the court set aside and award the defendant widow her dower interest in said property, and that after setting aside said dower interest, that the court ascertain and adjudicate the rights and interests of the complainants and decree that partition be made in accordance with the respective interest of the parties as provided by the

statutes of the State and the practice and procedure of the court.

The defendant demurred to the bill upon the grounds that the bill showed that dower had not been assigned to the widow, and that therefore bill for partition would not lie; that the bill showed that the defendant had retained full possession of the dwelling house; and that the complainants having taken certain property under the will were estopped from denying its validity; also that the bill was multifarious. The chancellor sustained the demurrer and dismissed the bill.

The mere fact that the complainants may have accepted certain legacies provided for them under the will could not give any validity to the will in so far as the same attempted to dispose of homestead property; nor would the acceptance of such legacies estop the complainants from claiming their clear legal rights in such homestead property. Nor is the widow deprived of dower in the homestead property because she did not dissent to the will, as such will was void as to the homestead. Art. X, Section 4, Const. 1885; Section 5484, Comp. Gen. Laws; Palmer v. Palmer, 47 Fla. 200; 35 So. R. 983. And she had the right to retain possession of the dwelling, outhouses, etc., until her dower is assigned to her. See Section 5497, Comp. Gen. Laws.

No good reason appears why the heirs at law may not in this action proceed for the assignment of the widow's dower in the homestead property of the deceased husband and father, and the partition of the remainder of the property among the complainant heirs. The mere fact that the widow claims that the will was effective to vest in her title to the homestead property of her deceased husband is no bar to such proceedings. The right and duty of the heir or heirs to have dower set apart to the widow in that

part of the estate which is subject to dower is ancient and well settled and cannot be made ineffective merely because the widow sets up some unfounded claim to the entire property. See Brockaw v. McDougald, 20 Fla. 212; Godwin v. King, 31 Fla. 525, 13 So. R. 108; Henderson v. Chaires, 6 So. R. 164, 25 Fla. 26-37.

If the existence of such a claim would bar statutory proceedings for the allotment of dower, which we do not decide, certainly such a claim by the widow would not constitute any good reason why proceedings might not be brought in equity for the assignment of her dower and the adjudication of the validity val non of her claim to the property under the will as a matter incidental to the relief prayed. The jurisdiction of equity to assign dower is well settled. That assignment of dower to the widow and partition of the remainder between the heirs may be had in one and the same equity proceeding, was decided by this Court in the case of Moore v. Price, handed down during the present term. That the rights of all the parties, in the respects mentioned, pertaining to that portion of the real property of the decedent which descended to the heirs, subject to dower, are attempted to be adjudicated in one suit, does not render the bill multifarious. All the parties are interested in the same property. The widow, until her dower is admeasured, has an undivided one-third interest for life with right of possession of the dwelling pending assignment of dower, while the heirs each own an undivided interest in the fee subject to the widow's said dower and quarantine rights.

We assume from the allegations of the bill that it will be found practicable in this case to assign to the widow, out of the property described in the bill, or in so much thereof as the court may determine to have constituted the homestead of her deceased husband, her dower by metes and

bounds. Dower should of course be assigned in specie, by metes and bounds, whenever it is practicably possible to do so. See Sections 5493, 5502, Comp. Gen. Laws; also Moore v. Price, *supra.*

The court may very properly, in such a case as is made by this bill, assign and set apart to the widow her dower interest in the property and charge the entire cost of the partition proceedings against the heirs at law, who would thereby acquire benefits as to the remainder of the property. In the case of Moore v. Price, *supra,* it was held that partition could not, as a general rule, be had, for the reasons pointed out in the opinion in the case, until the widow's dower had been assigned, and that such assignment must be had either prior to the filing of the suit for partition, or in the partition suit itself, as a condition precedent to the right of partition among the heirs.

In so far as the defendant widow is concerned, only one remedy is sought by the bill, the assignment of her dower in the property. As to the complainants, they seek, after the dower is assigned, to divide among themselves, by means of an equitable procedure clearly defined by statute, that portion of the property remaining after the widow's dower has been carved out. The complainants clearly recognize the legal right of the widow in the property, and simply seek to have them determined and set apart to her and the remainder divided between themselves. We see no reason why this cannot be done in one suit without rendering the bill multifarious. See authorities cited in Moore v. Price, *supra.*

We conclude therefore that the court below erred in sustaining the demurrer and dismissing the bill. This necessitates a reversal of the order and decree appealed from.

Reversed.

Terrell, C. J., and Ellis, J., concur.

Whitfield, P. J., and Strum and Buford, J. J., concur in the opinion and judgment.