HENRY Y. WILLIS, *et al.,* v. HILLSBOROUGH COUNTY, *et al.*

157 So. 29.

Division A.

Opinion Filed October 15, 1934.

*T. Wade Harrison* and *J. Asakiah Williams,* for Appellants;

*John B. Sutton* and *Henry C. Tillman,* for Appellees.

ELLIS, J.—The County of Hillsborough on the 9th day of December, 1932, was the owner of two small lots of land lying in the southeast quarter of the southwest quarter of section seven in township thirty-two south, range nineteen east. A complete description of the property is unnecessary. It is sufficient to say that they were separated by the right of way of the Tampa Southern Railroad. For convenience the small triangular tract lying north of the railroad will be referred to as Tract No. 1, while the small tract in form of a rhomboid lying south of the railroad will be referred to as Tract No. 2.

The County Commissioners of Hillsborough County, deeming it for the best interest of the county that each piece of property should be sold, adopted a resolution calling for bids for the purchase of the property, the same to be sold to the "highest and best bidder for cash." The sale of the lots was to be made "subject to the right of the owners of the buildings located thereon to remove the same within sixty days from the date of the sale of said property." The notice was published for two weeks in a newspaper of general circulation in the county. The resolution referred to, the statute under which the County Commissioners were exerting the power to sell the land. The law authorizing the same is contained in Chapter 12848, Special Acts of 1927, Laws of Florida.

Section 1 of the Act authorizes the Board of County Commissioners of the county to sell and convey any property, real or personal, belonging to the county whenever the Board of Commissioners shall determine that it is for the best interest of the county to do so. The section provides, however, that no sale of any real property should be made unless notice thereof should be advertised once a week for

at least two weeks in a newspaper of general circulation in the county calling for bids for the purchase of the real estate so advertised to be sold.

The section directs the commissioners to accept the bid of the highest bidder in each case complying with the terms and conditions set forth in the notice unless the commissioners should reject all bids.

Section 2 of the Act empowers the commissioners to sell any such property for such price and upon such terms and conditions as the commissioners should deem proper. The terms and conditions, however, were required to be stated in the notice of the proposition to sell. The section empowered the commissioners to convey the title and execute proper conveyances therefor to the purchaser of the property.

Henry Y. Willis at the proper time stated in the notice submitted his bid of four hundred dollars cash for tract No. 1. Lewis Hall submitted his bid of two hundred and fifty dollars for tract No. 2. These bids were on December 30, 1932, separately accepted by the Board of County Commissioners and the money received directed to be converted into the general fund of the county and the chairman of the board and the clerk were directed to execute to the purchasers deeds of conveyance to the lands purchased by them respectively.

The purchase money was paid and the deeds of conveyance executed. The bids for the property by the two men, each bidding upon a separate and distinct parcel, were accepted by a resolution in each instance and the transaction directed to be completed by the execution of a deed of conveyance to the purchaser.

The deeds were duly recorded . Thereupon, nearly two months later, on February 20, 1933, the County of Hills-

borough and members of the Board of County Commis-
sioners exhibited their bill in the Circuit Court for Hills-
borough County against Henry Willis and his wife and
Lewis Hall and his wife for a reconveyance of the property
purchased by them respectively. There was a prayer that
if the court should find that either of the defendants were
entitled to retain the property purchased by him the com-
plainants should have the relief prayed as against the other.

The basis for the relief prayed for is set forth in par-
agraphs numbered seventh, eighth and ninth of the bill of
complaint, the substance of the allegations being that subse-
quently to the sale the county commissioners made an in-
vestigation as to the value of the real estate sold and ascer-
tained that the property sold to each defendant was sold
for an inadequate amount; that when the resolution to sell
the property was adopted the defendants each represented
to the Board of Commissioners that the improvements lo-
cated upon the property purchased were placed thereon by
individuals and owned by them and had not been placed
thereon by the Board of Commissioners so that the resolu-
tion provided that the owners of the buildings should have
the right to "remove the same within sixty days from the
date of the sale"; that the Board of Commissioners at the
time of the adoption of the resolution and the acceptance
of the bids for the purchase of the property relied upon
such representations and that the individuals who placed
the improvements upon the property had a right to re-
move the same.

It was also alleged that the county had caused the im-
provements to be placed on the property which consisted of
certain buildings "which were from time to time and for
a great number of years used by the employees of the
County of Hillsborough acting as bridgetender or other-

wise"; that the county did have an interest in the buildings which rendered the value of the property much greater than the price obtained therefor. It was alleged that the county owned the buildings, wells and other improvements and that the improvements were of a value exceeding fifteen hundred dollars.

The defendants severally moved the court to dismiss the bill of complaint. The grounds were the same in each motion. It was urged that the bill was without equity, that it failed to allege that the defendants knew that the alleged representations were false or that they were made for the purpose of deception; that inadequacy of price constitutes no fraud; that whatever such representations were concerning the improvements which had been placed on the property the facts were as much within the knowledge of the complainant as in the knowledge of the defendants; that such representations were concerning matters the truthfulness or falsity of which the complainants had an equal or better opportunity to know than the defendants; and that it was the duty of the complainants to ascertain the true state of facts. Other grounds for the motion were urged but there was no ground specifically directed to the multifarious character of the bill.

The motion was overruled but complainants were permitted to amend the bill. The amendments as made in paragraphs which were nunmbered ten and eleven alleged that the county had made the improvements upon the land which on tract numbered one amounted to a thousand dollars and on tract numbered two to five hundred dollars were owed by the county which facts were known by the defendants respectively and that the sum for which each tract was sold was an inadequate price for the property and could have

been sold for a greater price for each but for the representations made by the defendants respectively.

Motions to dismiss the bill as amended attacked it for multifariousness and lack of equity by Hall and upon the same grounds and others by Willis. The motions to dismiss were overruled and from that order the defendants appealed.

The motions should have been granted not because the bill was multifarious but for lack of equity to sustain a rescission of the conveyance.

The bill was multifarious because there were not only two causes of action alleged but the parties defendant were not interested in the same rights. The bill undertook to state separate, distinct and independent equities against the two defendants. Each sale was a separate transaction, treated so by the County Commissioners, and the relief depended, assuming that grounds existed for a rescission of the sales, upon the circumstances as disclosed in each transaction.

The representations as made by one of the defendants had no relation whatsoever to those made by the other and in no wise affected the other's rights. There is no allegation of conspiracy between the defendants to defraud the complainants and nothing to exclude the idea that they acted independently of each other in the purchase of their respective tracts.

The lands were offered for sale separately, sold separately and each sale was an independent transaction separate from the other and in no wise related the one to the other. The deeds were executed one to each defendant conveying the particular tract sold to him and neither was alleged to be in anywise interested in the other's purchase. Even the prayer of the bill deals with each transaction separately

and expressly prays that if the court should find that either defendant is entitled to retain the tract sold to him the complainant may have a rescission of the conveyance as to the other. One defendant has no interest in the relief sought by the complainants against the other.

This court has considered the question of multifariousness in several cases. See Farrell v. Forest Inv. Co., 73 Fla. 191, 74 South. Rep. 216; 1 A. L. R. 25; Taylor v. Taylor, 100 Fla. 1009, 130 South. Rep. 713; Wright v. Wright, 75 Fla. 7, 77 South. Rep. 616; Mountein v. King, 75 Fla. 12, 77 South. Rep. 630; Carlton v. Hilliard, 64 Fla. 228, 60 South. Rep. 220; Moore v. Price, 98 Fla. 276, 123 South. Rep. 768; Waldin v. Waldin, 98 Fla. 344, 123 South. Rep. 777; Arcadia Mercantile Co. v. Branning, 59 Fla. 428, 52 South. Rep. 588.

In the case of Mountein v. King, *supra*, this Court said that to render a bill in equity multifarious for misjoinder of causes it must contain two or more distinct and independent causes of action that cannot properly be joined in one bill of complaint. Mr. Justice WHITFIELD, speaking for the Court said, "While a bill in equity should not contain distinct and disconnected causes of action as to which different independent decrees may be rendered, yet one defendant against whom relief is sought in every phase of the case is not prejudiced by the joinder of matters" where he might have several rather than the one suit brought against him.

In the Farrell case, *supra*, this Court said, speaking through the writer, "Having taken jurisdiction of the cause for one purpose, the court had power to proceed with the determination of all matters presented."

As said in the case of Gains v. Chew, 2 How. 619, 11 L. Ed. 402, cited by counsel for appellees, "Every case must be

governed by its own circumstances" as it is impossible to define multifariousness in a bill in equity as an abstract proposition.

The thread of thought which runs through the Florida cases is that one cannot complain of multifariousness where all defendants are interested in the same right although there may be many phases of the one case set up in which he may not be interested.

In this case there are two separate and distinct causes of action set up in one bill against two persons neither of whom is interested in the other's transaction and whose case is in no wise affected by either the evidence as to the other's case or the relief which may be granted as to him.

No sufficient ground appears for uniting the two causes of action even if there were only one defendant but on the other hand there are two defendants against each of whom the bill seeks to make out a separate and distinct cause of action in which the other has no interest.

If the case were one where several causes of action were joined against one defendant or where the liability was asserted against two defendants Rule 31 of the Chancery Act, Chapter 14658, Acts 1931, would apply.

As to the point that the bill contains no equity we hold that the point is well taken and the decree was erroneous. The case presented is one in which the grantor seeks to annul or rescind a deed of conveyance on the ground that he did not know that the land sold was more valuable than the price which he obtained for it, or that if he had known that he had made the improvements on the land which he alleges would have enabled him to secure a better price for it he would not have sold it to the defendants. It is not a case where there were any concealed values known only to the purchaser who concealed the information from

the seller, such as being more familiar with the boundary lines, and by inducing the grantor to convey according to such lines, secured much more land than he knew the grantor intended to convey, as appeared to be the case in Allen v. Luckett, 94 Miss. 868, 48 South. Rep. 186, but it is a case where the complainants knew or could have known by reference to their own records what the fact was, whether the improvements were made by "individuals" or were in fact placed upon the land by the county commissioners.

In fact the bill alleges that the "County of Hillsborough purchased the real estate hereinabove described and subsequently placed upon the said property purchased by the defendants, Henry Y. Willis and Louis Hall, certain buildings, structures and other improvements which were from time to time and for a great number of years used by employees of the County of Hillsborough, acting as bridgetender or otherwise."

The bill seems, in view of the above allegation, to seek relief from carelessness as to the county's interest or inadvertence as to a fact which a little diligence in the examination of the records of the county commissioners would have disclosed, or which an examination of the properties would have revealed. The bill does not allege that the commissioners had neither the time, ability or opportunity to enquire as to the value of the property or the character of improvements existing upon it.

The case presented, if the rule for rescission of conveyance of land is applicable, is within the principle announced by this Court in Hancoy Holding Co. v. Lambright, 101 Fla. 128, 133 South. Rep. 631, and other cases. See Stokes v. Victory Land Co., 99 Fla. 795, 128 South. Rep. 408; Glass v. Craig, 83 Fla. 408, 91 South. Rep. 332. See also Cherry v. Briszolara, 89 Ark. 309, 116 S. W. Rep. 668, 21 L. R. A.

(NS.) 508; Grymes v. Sanders, 3 Otto (U. S.) 55, 33 L. Ed. 798.

The county commissioners should have known the true condition of the property. The proper and efficient discharge of their duties as representatives and fiscal agents of the county required it. It was their duty to find out and know. There was no such relation existing between the complainants and defendants which justified the former in accepting the statements of the latter as verity, besides the representations as made that the improvements were placed on the property by individuals was in itself sufficient notice to the commissioners of the existence of improvements which if they had followed would have inevitably led to the discovery which they later made and alleged in the bill, that is that the improvements were made by the county.

It was more a case of carelessness or negligence from which equity will afford no relief. See Sapp v. Warner, 105 Fla. 245, 141 South. Rep. 124; Redstone v. Redstone Lumber & Supply Co., 101 Fla. 226, 133 South. Rep. 882.

The decretal order appealed from is reversed with directions to dismiss the bill.

Davis, C. J., and Terrell, J., concur.

Whitfield, P. J., and Brown and Buford, J. J., concur in the opinion and judgment.