GIDEON F. HENDRIE, *et al.*, v. BEATRICE WOOD HENDRIE.

159 So. 667.
Division B.
Opinion Filed February 25, 1935.

*Henry L. Williford,* and *James E. Kirk,* for Appellants; *Frank Redd,* for Appellee.

BUFORD, J.—In this case the appellee filed bill of complaint against her husband, Gideon F. Hendrie, and his son, Harold R. Hendrie.

The bill of complaint sought to coerce the defendant, Gideon F. Hendrie, to pay to the complainant certain sums of money for her separate maintenance not connected with divorce and to pay suit money and counsel fees. It also sought an order that "both defendants, Gideon F. Hendrie and Harold R. Hendrie, be restrained and enjoined from

denying or in anywise interfering with your Oratrix in the peaceable entry and full enjoyment of the exclusive use and possession of her premises as hereinabove described, and that an accounting be had and taken by and under the direction of the Court between your Oratrix and the defendant, Harold R. Hendrie, for the reasonable rental value of her said premises during the time they have been occupied by the said Harold R. Hendrie as hereinabove alleged, and that judgment be awarded against the said defendant, Harold R. Hendrie, in favor of your Oratrix for such amount as may be found to be due her in this behalf," * * *

The bill alleged that:

"Your Oratrix is now a *bona fide* resident and citizen of the County of Sarasota, State of Florida."

The bill was filed on February 1, 1934, and at that time application was made for temporary maintenance, suit money, solicitor's fees and a temporary restraining order.

Petition was filed by the defendant, Gideon F. Hendrie, showing that he was confined to a hospital where he had just had an operation performed and prayed for a continuance of the hearing. A continuance was granted.

On March 7th testimony was taken on the petition for temporary maintenance, suit money and solicitor's fees. The same was submitted to the court and on March 8th, the court made an order, as follows:

"The foregoing cause coming on to be heard upon Petition of complainant for separate maintenance, injunction, etc., and testimony having been taken on both sides, and the same having been argued by counsel for the respective parties and duly considered by the Court, it is ordered that said Gideon F. Hendrie and Harold R. Hendrie do immediately surrender and deliver up unto the plaintiff, Beatrice Wood Hendrie, the exclusive possession, use and full en-

joyment of the premises described in the bill of complaint, within five days, to-wit:  Lot 8, and beginning at the SE corner of Lot 7, Block 'H,' thence 27-50 feet along the East side of Lot 7, Block 'H'; thence Westerly 139.66 feet to the West side of Lot 7, Block 'H'; thence 26.03 feet along the West side of Lot 7, Block 'H,' to the SW corner, thence Easterly 133.10 feet along the South line of Lot 7 to the point of beginning, being a part of Lot 7, Block 'H,' Sapphire Shores, according to plat thereof recorded in Plat Book 1, pages 173, 174, 175 and 176, Sarasota County records, same being situate in Sarasota County, Florida.

"IT IS FURTHER ORDERED that the defendant, Gideon F. Hendrie pay unto plaintiff the sum of $70.00 now due under previous order and that no further temporary support be allowed pending final determination of the cause on its merits; further ordered that the said defendants, their agents, servants, attorneys and employees, be and they are hereby enjoined from interfering in any way with plaintiff's possession of the above described premises pending the further order of the court.  Copy of this Order when delivered to defendants renders same effective for all purposes."

This order was filed on March 9th, and on the same day the complainant filed an amendment to her bill of complaint wherein she prayed an injunction restraining the defendants from removing furniture from the house, the possession of which had been ordered delivered to her. The injunction was granted.

From both Orders appeal was taken.

The order of March 8th constituted a disposition of the cause without any issues being joined, without a decree *pro confesso* being entered and without the cause proceeding in an orderly manner to final hearing.

Certainly there is no authority which authorizes the court of Chancery to enter a mandatory injunction against a husband who has violated no law of the State or Government from sharing the occupancy of a place of abode with his lawful wife as long as the marital relation exists and when there has been no harm or threat of harm to the wife by reason of the cohabitation between the husband and wife as such and, therefore, there were no allegations in the bill of complaint which warranted the entry of Order quoted above wherein the defendant, Gideon F. Hendrie, was required to immediately surrender and deliver up unto the plaintiff, Beatrice Wood Hendrie, the *exclusive possession,* use and full enjoyment of the premises described in the bill of complaint.

The bill of complaint in this case embraced two separate and distinct causes of action. One was a cause of action against the defendant, Gideon F. Hendrie, for maintenance, suit money and solicitor's fee; and the other was against Harold R. Hendrie to enjoin an alleged unlawful possession and retention of the complainant's property. The bill was, therefore, multifarious and relief could not properly be granted under it. There is no sufficient ground shown for uniting the two causes of action. If the defendant, Harold H. Hendrie, unlawfully withheld possession of the real estate and house thereon belonging to the complainant she had a clear, adequate and complete remedy against him at law which she could maintain without being joined in the suit by her husband. Section 31 of the 1931 Chancery Practice Act provides as follows:

"Joinder of Causes of Action.—The plaintiff may join in one bill as many causes of action, cognizable in equity, as he may have against the defendant. But when there is more than one plaintiff, the causes of action joined must be

joint, and if there be more than one defendant the liability must be one asserted against all of the material defendants, or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice. If it appears that any such causes of action cannot be conveniently disposed of together, the court may order separate trials.

Therefore, it appears that the joinder of these causes of action is not authorized by the statute or by any rule of practice.

As stated above, the complainant alleged in her bill that she was at the time of filing the bill a *bona fide* resident and citizen of the County of Sarasota, State of Florida. The evidence entirely fails to support the allegation.

The record shows that she arrived in Florida about January 20th, 1934. She filed this bill on February 1st, 1934. She left her mother's home where she and her husband were residing on January 17, 1934. The following questions and answers appear in the record:

"Q. When did you and your mother plan to take this trip to Florida?

"A. The day before. I went down Friday night and asked Mr. Hendrie if he knew whether there was anyone living in the house in Florida and he said No, and I felt that he was deceiving me and I wanted to come down and see for myself, but I had no intention of staying down here then.

"Q. Did you testify that your only reason for coming to Florida was to rent the house? A. Yes, sir.

"Q. And that you intended to go back up North? A. Yes, sir.

"Q. What changed your mind? A. I wasn't allowed entrance to my home.

"Q. Do you now intend to return North and live or do you intend to stay in Florida?

"By Mr. Redd: Objected to on the ground that it is immaterial and irrelevant.

"By the Court: Objection sustained, exception noted.

"Q. Are you now a resident and citizen of the State of Florida?

"A. Yes, sir."

Here the witness testified to a conclusion of law and was not allowed to answer the questions propounded to her which might have shown she had taken up residence in and became citizen of Florida, or that she had not.

The record shows that the following questions and answers were propounded by Mr. Williford and answered by the complainant:

"Q. Do you have any home here in this county other than the home which your husband provided you with in Sapphire Shores?

"A. No, sir, that is my home.

"Q. And you are living now temporarily with your mother and father in Englewood? A. Yes, sir.

"Q. You previously informed the court, I believe, that your parents have to go back up North soon?

"A. Yes, they do. They really should be back there now.

"Q. Do you know whether or not Mr. Hendrie has the financial ability to provide you with $35.00 a week for your support?

"A. I don't know."

There is no contention that the defendant was a citizen and resident of the State of Florida.

The suit against Gideon F. Hendrie is grounded on Section 3197 R. G. S., 4989 C. G. L.

Where suit is sought to be maintained under the provisions of this section it is necessary for it to be shown that the husband or the wife has become at the time of the application a *bona fide* resident and citizen of this State. See Miller v. Miller, 33 Fla. 453, 15 Sou. 222; Shrader v. Shrader, 36 Fla. 502, 18 Sou. 672; Donnolly v. Donnolly, 39 Fla. 229, 22 Sou. 684; Wood v. Wood, 56 Fla. 882, 47 Sou. 560; Warren v. Warren, 73 Fla. 764, 75 Sou. 35; Simon v. Simon, 73 Fla. 919, 75 Sou. 35; Chaves v. Chaves, 79 Fla. 602, 84 Sou. 672. In the latter case we said:

"Legal residence consists of facts and intentions which must both concur and under this section the courts of Florida have jurisdiction to enforce the husband's duty of maintenance and support where one of the parties is actually, legally and *bona fide* domiciled in the State as citizen thereof."

For the reasons stated, the orders appealed from must be reversed with directions that the case be returned to the rolls of the Circuit Court for further disposition not inconsistent with the views herein expressed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.