THE FRANKLIN LIFE INSURANCE COMPANY v. LESTER T. THARPE, JR., a minor, *et al.*

160 So. 199.
Division B.
Opinion Filed March 20, 1935.

*Francis M. Miller,* for Appellant;

*Harry Gordon* and *Rosenhouse & Rosenhouse* and *Waller & Pepper,* for Appellees.

BUFORD, J.—The appeal is from an order denying motion to dismiss amended bill of complaint.

The fifth ground of the motion to dismiss was:

"Said amended bill of complaint is multifarious in that plaintiffs are suing upon two separate and distinct policies of insurance."

Ground six of the motion was:

"Said amended bill of complaint is multifarious in that the plaintiffs do not have a joint or several interest in both of the policies of insurance described therein."

Pertinent parts of the amended bill of complaint show that Lester T. Tharpe, Jr., is a minor; that Virginia Y. Tharpe is a widow and is the mother of Lester T. Tharpe, Jr.; that she is over the age of twenty-one years; that the Franklin Life Insurance Company is an insurance corporation organized under the laws of the State of Illinois and is authorized to do business in the State of Florida; that in February, 1923, Lester Thurston Tharpe who was then the husband of Virginia Y. Tharpe and father of Lester T. Tharpe, Jr., a minor, applied to the Franklin Life Insurance Company for life insurance in the sum of $6,000.00; that his application was for two policies of $3,000.00 each, in one of which Virginia Y. Tharpe was to be named as beneficiary and in the other Lester T. Tharpe, Jr., was to be named as beneficiary; that the annual premium on each policy was $74.67 and that the same was paid in advance by Lester Thurston Tharpe and the policies were issued about the 23rd day of March, 1923.

It is further alleged that an additional charge was included in the premiums over the regular premiums required in consideration of the inclusion in each of such policies of certain disability benefit provisions, that long after the insured died the policy in which Lester T. Tharpe, Jr., was named as beneficiary was found and attached to it was a copy of the application which indicated that the application was for two policies as above mentioned. It was alleged that neither of the complainants had any knowledge of the existence of either policy until the policy in which Lester T. Tharpe, Jr., was named as beneficiary was found; that immediately upon learning of the existence of the policy the

plaintiff communicated with one S. A. Burgess and the said Burgess communicated with the defendant company notifying the company of the death of Lester Thurston Tharpe and requesting information as to the status of the contract; that in response to this letter the insurance company on November 29, 1930, communicated by letter with Burgess advising that only the first annual premium was paid on said policies; that no subsequent payment had been made on account of said policies; that the premiums had lapsed and that there had been no insurance thereunder since March, 1924.

It is further alleged in effect that the policies had not lapsed because of the special provision contained in each of the policies which waived the payment of premiums in case of total disability; that the insured had become disabled before the second premium became due and continued so until his death and that by reason of this condition both policies were still in full force and effect.

It is unnecessary in our view of the case to discuss other allegations of the bill. The bill prayed that the court take jurisdiction of the parties and subject matter, that the court by appropriate order establish the existence of the policy payable to Virginia Y. Tharpe as beneficiary and require the defendant company to make discovery by producing its copy of said policy. It prayed for an accounting and that the order of the court require the insurance company to pay to the plaintiffs the amounts found to be due them, together with interest on the principal sum. It prayed:

"That after the taking of testimony the Court relieve the beneficiaries of the several policies of the forfeiture sought to be enforced by defendant company by its denial of liability, under the strict and technical requirments of the disability benefit provisions requiring the furnishing of

proof satisfactory to the defendant of insured's disability and/or of payment of further premium after the insured became ill in February of 1924."

And it also prayed for attorney's fees.

The motion to dismiss raised a number of different questions. It appears to us, however, that it is only necessary or proper for us to discuss one question presented. If the bill was multifarious, it was so upon the grounds Five and Six of motion to dismiss above quoted. And if the Chancellor had properly held it to be multifarious on either of these grounds then that would have ended the jurisdiction of the Court of Chancery to determine any other question which might have otherwise been presented by the bill of complaint. And so if we hold that the bill was fatally multifarious then other questions determined by the Chancellor become immaterial and whatever we might say concerning them would be dicta only. Section 31, 1931 Chancery Practice Act, specifically requires, "But when there is more than one plaintiff the causes of action joined must be joint." Or, "sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice."

We think that the bill is clearly multifarious. According to the allegations thereto, it was based on two separate and distinct claims arising out of two separate and distinct contracts. One claim is that of the widow beneficiary under the policy whose status is that of a person *sui juris* and who might be held accountable for laches, if facts warranted. She might be barred by estoppel if she has indulged in such conduct as would operate as estoppel, or, as to her, the statute of limitations might be pleaded. We do not say that the statute of limitations could be successfully contended for as a bar to recovery, but we do say that

her status is such that if the question of bar by statute of limitations should be presented, the widow beneficiary being *sui juris* after the death of her husband would be an entirely different status than would the minor living at the time of the death of insured and named as a beneficiary in the other policy and who has remained a minor up until the time of the institution of this suit. As against the minor, the statute of limitations would not begin to toll until he has reached his majority. He could not be charged with laches until he has reached his majority. Neither could he be held to be estopped by any conduct of his own in regard to the contract of insurance. These matters are pointed out only for the purpose of showing that the two contracts sought to be enforced in the one suit are separate and distinct. There is nothing to show any joint or several interest of the complainants in both policies or in either of the policies. Lester T. Tharpe, Jr., has no interest whatever, as is shown by allegations of the bill of complaint, in that policy in which Virginia Y. Tharpe is named as beneficiary and Virginia Y. Tharpe has no interest whatever in that policy in which Lester T. Tharpe, Jr., was named as beneficiary. As to the policy in which Lester T. Tharpe, Jr., is named as beneficiary, there are no allegations in the bill of complaint which show any necessity for discovery, for an accounting or for a re-establishment of the policy.

We are cognizant of the rule that multifariousness may generally be considered to be a matter of convenience and that there is no positive inflexible rule as to what in the sense of a court of equity may constitute multifariousness which is fatal to a suit on motion to dismiss a bill of complaint under the 1931 Chancery Practice Act, but broadly speaking, multifariousness in a bill may be said to be the improperly joining in one bill of complaint separate dis-

tinct and independent matters and thereby confounding and confusing them and the issues to be presented. There exists, certainly, two general and distinct forms of multifariousness. One occurs when distinct and disconnected subjects, matters or causes are united in the same bill of complaint. The other occurs in joining in the same suit, either as defendants or as complainants, parties who have not a common interest in the subject of litigation and have no connection with each other insofar as the issues in litigation are concerned. It has been repeatedly held that whenever multifariousness for either of these grounds plainly appears in a bill of complaint it would constitute grounds for demurrer under our old practice and, therefore, a ground to dismiss under the practice pusuant to the 1931 Chancery Practice Act. Arcadia Merc. Co. v. Branning, et ux., 59 Fla. 426, 52 Sou. 598; and Trust Co. of Florida, et al., v. Crider, et al., 102 Fla. 593, 136 Sou. 434.

For the reasons stated, the order appealed from should be reversed with directions that the court below enter an order dismissing the bill of complaint unless the same should be amended within a reasonable time to be fixed by the Chancellor so as to eliminate one of the parties complainant from said bill of complaint and that the bill of complaint do then stand dismissed as to the other part without prejudice to such other party instituting and maintaining such other suit or action as such party may be advised it is his, or her, right to institute and maintain.

So ordered.

Reversed and remanded with directions.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.