AMERICAN FEDERATION OF LABOR, FLORIDA STATE FEDE-
RATION OF LABOR, et al., Plaintiffs and Representatives of a
Class, Appellants, v. J. TOM WATSON, as Attorney General, of
the State of Florida, et al., Defendants and Representatives of a
Class, Appellees.

31 So. (2nd) 394                                June Term, 1947
July 22, 1947                                        Division B

*Raymond Sheldon, Joseph A. Padway* (Washington, D.
C.), *Herbert S. Thatcher* (Washington, D. C.), *Edward J.
Brown* (Washington, D. C.), *John S. McLellan* (Pressmen's
Home, Tenn.), *I. B. Padway* (San Francisco, California),
*Wendell C. Heaton* and *Edwin C. Coffee,* for appellants.

*J. Tom Watson,* Attorney General, *Howard S. Bailey* and
*Sumter Leitner,* Assistant Attorneys General, for appellees.

BUFORD, J.:

The following named plaintiffs, American Federation of
Labor; Metal Trades Department, A. F. of L.; Florida State
Federation of Labor; Brotherhood of Painters, Decorators
and Paperhangers of America and Local Union No. 88 there-
of; International Printing Pressmen & Assistants' Union of
North America and Jacksonville Paper Products and Specialty
Workers Union No. 506 thereof; International Association
of Machinists and Local Union No. 570 thereof; Interna-
tional Brotherhood of Electrical Workers and Local Union
No. B-108 thereof; International Brotherhood of Boilermak-
ers, Iron Ship Builders and Helpers of America and Local

334

Union No. 433 thereof; International Union of Operating Engineers and Local Union No. 925 thereof; International Association of Sheet Metal Workers and Local Union No. 57 thereof; United Association of Journeymen Plumbers & Steamfitters of America and Canada and Local Union No. 766 thereof; United Brotherhood of Carpenters and Joiners of America and Local Union No. 696 thereof; International Hod Carriers, Builders & Common Laborers Union of America and Local Union No. 1207 thereof; International Brotherhood of Blacksmiths, Drop Forgers & Helpers of America and Local Union No. 141 thereof; International Association of Bridge and Structural Iron Workers of America and Local Union No. 397 thereof; International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America and Local Union No. 79 thereof; International Federation of Technical Engineers, Architects & Draftsmen's Unions and Local Union No. 98 thereof; International Brotherhood of Papermakers; Bricklayers, Masons & Plasterers International Union of America and Local Union No. 3 thereof; Office Employees International Union and Local Union No. 46 thereof; E. M. Samples, individually and as President of Local Union No. 88, affiliated with the Brotherhood of Painters, Decorators and Paperhangers of America; R. J. Gould, d/b/a Gould Welding & Erecting Co., filed their bill of complaint against J. Tom Watson, individually and as Attorney General of the State of Florida; Millard Caldwell individually and as Governor of the State of Florida; J. Rex Farrior individually and as State Attorney of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida; Hugh Culbreath individually and as Sheriff of Hillsborough County, Florida; Luther W. Cobbey individually and as County Solicitor of the Criminal Court of Record of Hillsborough County, Florida and Tampa Shipbuilding Company, Inc.; Weir's Dry Cleaners & Laundry, Inc.; National Container Corporation; Tampa Florida Brewery, Inc.; and M. R. McGehee and Ray S. McGehee as Trustees, and Velia C. McGehee, R. S. McGehee and Clyde C. McGehee all as Co-partners, trading and doing business as Southern Industries Company, a partnership.

The bill as alleged was brought under the provisions of

Sec. 6209 Fla. Statutes 1941 (same F.S.A.) to obtain a declaratory judgment construing the effect and legality of amended Sec. 12 of the Declaration of Rights, which reads as follows:

"Section 12. No person shall be subject to be twice put in jeopardy for the same offense, nor compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property without due process of law; nor shall private property be taken without just compensation. The right of persons to work shall not be denied or abridged on account of membership or non-membership in any labor union or labor organization; provided, that this clause shall not be construed to deny or abridge the right of employees by and through a labor organization or labor union to bargain collectively with their employer," and as ancillary relief to procure an injunction against the defendants prohibiting the public officers named, as defendants, from prosecuting the plaintiffs for alleged violation of the provisions of said Sec. 12, and to adjudicate the rights, status and legal relations of the parties to the suit as affected by the adoption of the amendment.

The bill of complaint alleged a different state of facts as to each of the six defendants who were alleged to be engaged in industry and a different state of facts as to each of the officials who were made defendants to the bill.

On motion by the several defendants, separately, to dismiss the bill, the Honorable L. L. Parks, Circuit Judge, entered this order dismissing the bill of complaint. The order of Judge Parks which is here for review on appeal is as follows:

"On page five of the plaintiffs' brief the following summary of the allegations of the bill of complaint is made:

" 'Turning now to the merits of the case, it is to be noted that the complaint outlines six actually existing, typical factual sitautions which operate to bring before this Court the various legal issues for adjudication. These situations are as follows:

" '(1) The Tampa Shipbuilding Company situation involving (a) A contract in full force not only presently but at the

time the amendment was passed; (b) An interstate industry; and (c) A full closed-shop provision, ie., one requiring not only membership in the unions party to the contract as a condition of employment, but also requiring the employer to apply to the unions for its employees upon initial employment.

"'(2) Weirs Dry Cleaning Company situation — same as above except the Company is engaged in intrastate business.

"'(3) Tampa Florida Brewery Company—same as Tampa Shipbuilding situation, and, in addition, the fact of formal National Labor Board certification of the Union involved and the fact that 100% of the employees, as well as the union and the employer, desire the closed-shop agreement.

"'(4) National Container Corporation — same as Tampa Shipbuilding situation except the agreement is not a full closed-shop agreement and requires only that membership be a condition of continued employment.

"'(5) R. J. Gould situation involving (a) American employer plaintiff; (b) An intrastate industry; and (c) All of the employees involved and the employer desire to enter into a closed-shop agreement but are prevented from doing so because of threats of the Attorney General.

"'(6) Southern Industries Company involving (a) An interstate industry; (b) A formally certified labor organization; and (c) An employer who refuses to bargain for or even discuss any type of union-security agreement because of existence of amendment.'

"Accepting this summary at its face value it appears that six different law suits are combined in the one bill of complaint. This violates all of the provisions of Section 31 of the Chancery Act reading as follows:

"'JOINDER OF CAUSES OF ACTION. The plaintiff may join in one bill as many causes of action, cognizable in equity, as he may have against the defendant, but when there is more than one plaintiff, the causes of action joined must be joint, and if there be more than one defendant the liability must be one asserted against all of the material defendants, or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of

justice. If it appears that any such causes of action cannot be conveniently disposed of together, the court may order separate trials.'

"It appears from the bill of complaint that the real parties interested as complainants in these six cases are the Local Unions. Each Local has its case against one of the defendants. In no situation outlined in the bill does any one Local claim to have a cause of action against more than one of the defendants. The bill shows that each defendant is operating a separate and distinct business from that of all other defendants and all of said businesses are different in character and no one of the factual causes of action in the bill have any relation to the other causes of action. The bill, in effect, seeks a construction of the Constitutional Amendment and whether it is valid or effective or applies to six different factual situations outlined in the bill. In short, the Court is asked to write a treatise on the law of the Amendment.

"In my opinion this is not permissible under Section 31 of our Chancery Act, nor does Chapter 21820 Acts of 1943, the Declaratory Judgment Act, authorize such procedure. Our Court held in Hendrie v. Hendrie, 159 So. 667, 118 Fla. 478, that such practice is unauthorized and that the Court has no authority to entertain a bill of complaint which violates this provision of the Chancery Act. To a like effect see the ruling of the Court in Franklin Life Ins. Co. v. Thorpe, 160 So. 199, 118 Fla. 832; William v. Ricou, 196 So. 667, 143 Fla. 360; Willis v. Hillsborough County, 157 So. 29, 117 Fla. 1. The Declaratory Judgment Act, Chapter 21820, Acts of 1943, does not modify the provisions of Section 31 of the Chancery Act.

"Being of this opinion, the bill of complaint should be dismissed without prejudice to the various plaintiffs bringing their separate and independent suits against the defendants, if they so desire. For this reason,—IT IS ORDERED, ADJUDGED AND DECREED that the bill of complaint be and is hereby dismissed without prejudice. DONE AND ORDERED at Tampa, Florida, this 6th day of November, 1946."

We find no reversible error in this Order.

Therefore, the decree appealed from is affirmed.

So ordered.

THOMAS, C. J., BARNS, J., and TAYLOR, Associate Justice, concur.