120 So.2d 56 (1960)
Ineyll COLEMAN, Appellant,
v.
Flora DAVIS, Appellee.
No. B-285.
District Court of Appeal of Florida. First District.
April 28, 1960.
*57 Coe & Coe, Pensacola, for appellant.
Yonge, Beggs & Lane, Pensacola, for appellee.
DREW, E. HARRIS, Associate Judge.
This is the second appeal by the same parties before this Court, the first having resulted in a reversal of the decree and a remand of the cause with directions to enter an order of dismissal without prejudice to the appellant to apply for an order transferring the cause to the County Judge's Court of Escambia County for the making up of an issue on the question of the assignment of dower to the present appellant.[1] On remand issues were made up, dower was assigned and it is now from such assignment of dower that this second appeal is prosecuted.
The judgment of dower entered by the trial court[2] contains a concise statement of *58 the material facts in the litigation making it unnecessary to reiterate them in the body of the opinion.
The question here presented  one of first impression in this State  but on which there is ample precedent in other jurisdictions is succinctly stated in the brief of appellee, as follows:
"When real estate has been alienated by a married man without the relinquishment by his wife of her dower interest therein and the alienee has erected substantial improvements on the property, should dower be assigned in the property as it stood on the date of alienation or as it existed on the date of death?"
A subsidiary question raised and argued is whether such dower may be allotted in the form of an undivided interest where it is impracticable to allot it in metes and bounds. We shall dispose of these questions seriatim.
The majority rule in the United States,[3] and the one we hereby adopt and follow, is that a widow's dower in real estate aliened by her husband without her consent, does not extend to any improvements made thereon by her husband's alienee or successors, but is limited to the real estate as it existed at the time of alienation.[4]
Appellant argues, however, that inasmuch as by statute we have adopted the common law of England as it existed July 4, 1776[5], this case is governed by the English case of Doe v. Gwinnell, 1 Q.B. 682, 113 Eng.Repr. 1292 (1841) which propounds the earlier English rule. In that case, however, the court reviewed the authorities on dower, finding a conflict among them on the point involved here. The court then held on principle that the widow should be entitled to a one-third interest in the property as it stood at the time of her husband's death rather than at the time of alienation by him. It will be noted that this case was decided some sixty-five years after July 4, 1776, the date referred to in the Florida Statutes.
Moreover, American courts do not look solely to the English cases to determine what the common law is. The words, used in our statute, "common law of England" refer to such common law, not only as declared by the English courts but also as declared by the courts of the American States.[6]
We now come to the question of the manner of allotment as adjudged by the order of the county judge. His order allots dower without the appointment of commissioners and sets off an undivided one-third interest in fee simple in the property described *59 extending to the land and not to the improvements.
F.S. Section 731.34, F.S.A. provides that when the widow is not satisfied with the portion of the estate of her husband to which she is entitled, she may elect to take dower, which dower shall be one-third part in fee simple of the real property which was owned by her husband at the time of his death or which he had before conveyed whereof she had not relinquished her right of dower. F.S. Section 733.13, F.S.A. provides that the county judge may appoint commissioners to allot and set off the widow's dower. That section further provides that when the assets are of such value and of such a nature that dower may be allotted without the appointment of commissioners, the county judge may in his discretion dispense with such appointment and set off and allot dower himself. Nowhere in the statutory provisions regarding dower is there a requirement that the portion allotted to the widow must be by metes and bounds.
While we have held that dower should be assigned by metes and bounds wherever it is practically possible to do so,[7] it is not the intent of the statute to mandatorily utilize such a method. When by reason of the nature of the estate or the character of the property an allotment or a measurement by metes and bounds in specie is impractical, some other method of necessity must be resorted to.[8] While the order of the county judge of necessity does not completely dispose of the issue, it goes as far as the county judge may go under existing statutes. This case clearly points up the desirability of clarifying the statutes of this State to provide a more expeditious and satisfactory manner for dealing with this particular problem.
Affirmed.
WIGGINTON, C.J., and STURGIS, J., concur.
NOTES
[1] Coleman v. Davis, Fla.App. 1958, 106 So.2d 81.
[2] The judgment of dower reads as follows:

"This cause having come on to be heard on the petition of Ineyll Coleman and the answer thereto of Flora Davis, and the Court having considered the pleadings, orders and transcript of testimony transferred to this Court from the Court of Record of Escambia County, Florida, in the cause of Ineyll Coleman versus Flora Davis, and the Court having heard and considered the argument of counsel for petitioner and respondent, both oral and written, and being fully advised in the premises, it is,
Found, Ordered, Adjudged and Decreed as Follows:
"(1) This Court has jurisdiction of the subject matter and of the parties hereto.
"(2) The deceased husband of petitioner during his lifetime and during coverture conveyed to respondent by a deed dated November 22, 1948, in which his wife, Ineyll Coleman, petitioner herein, did not join, the following described real property:
"Lots 1 and 2 in Block 129 of the East King Tract east of Tarragona Street in the City of Pensacola, Escambia County, Florida, according to map of said City copyrighted by Thomas C. Watson in 1906.
"(3) Over a period of several years the grantee of the deed described in the preceding paragraph, Flora Davis, respondent herein, constructed valuable improvements to the above-described property. The deceased husband of petitioner died February 11, 1957. No proceedings have been held upon his estate, and petitioner is his sole heir at law.
"(4) Petitioner is entitled as the widow of Reed Coleman to have set apart to her as her dower interest in the above-described property an undivided one-third interest in the said real estate as it existed on the date of alienation by her deceased husband, that is to say, November 22, 1948. Petitioner is not entitled to any interest in the improvements erected upon said property since the said date of alienation.
"(5) The property in which the petitioner is entitled to have dower allotted is of such a nature that dower may be allotted without the appointment of commissioners. There is hereby set off and allotted to petitioner as her dower in the property of her deceased husband an undivided one-third interest in fee simple in the property described above, which said interest extends only to the land and not to any improvements thereon, whether or not such improvements are by law considered to have become a portion of the real estate."
[3] For a collation of cases on this subject, see the annotation in 74 A.L.R. 1168. In the foreword to this annotation the observation is made that "... independently of statute, wherever the question has arisen or been discussed, England excepted, the widow has been denied any right in improvements made by the alienee or successor subsequently to the husband's death."
[4] 17A Am.Jur. Dower, Sect. 161 (1957); 28 C.J.S. Dower § 98d (1941); Beavers v. Smith, 1847, 11 Ala. 20 and the cases there cited. Gridley v. Wood, 1931, 344 Ill. 153, 176 N.E. 356, 74 A.L.R. 1162; Overturf v. Martin, 1908, 170 Ind. 308, 84 N.E. 531; Catlin v. Ware, 1812, 9 Mass. 217; Warner v. Trustees of Norwegian Cemetery Association, 1908, 139 Iowa 115, 117 N.W. 39, 43; Borders v. Niemoeller, Mo. App. 1951, 239 S.W.2d 555, 559; Bridgeford v. Groh, 1932, 306 Pa. 566, 160 A. 451. Also see the cases cited in the annotation referred to in footnote 3.
[5] Section 2.01, Florida Statutes 1957, F.S.A.
[6] 15 C.J.S. Common Law § 11, p. 619 (1939).
[7] Waldin v. Waldin, 1929, 98 Fla. 344, 123 So. 777; Moore v. Price, 1929, 98 Fla. 276, 123 So. 768.
[8] 11 Fla.Juris.Dower, Sec. 32 (1957); 8 Fla.Law and Practice, Dower, Sec. 14 (1958).

In the Moore v. Price case, the court, on finding it impractical to divide the deceased husband's homestead in specie, assigned dower by awarding the widow one-third of the rental value for life to be charged against the property. For an interesting annotation on the subject of assignment, where lands are incapable of division in general, and the sale of lands for the purpose of assignment, see 28 C.J.S. Dower §§ 100, 104 (1941).